A90A0061. FUSSELL et al. v. JONES et al.
(401 SE2d 593)

SOGNIER, Chief Judge.

John W. and Irby Lou Fussell brought suit against Carl E. Jones, Winterchase Townhomes, Inc., Carlsgate Properties, Inc., and Carl E. Jones Development, Inc., alleging claims for fraud, negligent construction, and breach of warranty arising from their purchase of a newly constructed townhouse. The trial court granted Jones' motion for summary judgment on all claims, granted the defendants' motion for summary judgment against Irby Lou Fussell on the ground she was not a proper party plaintiff, and denied the Fussells' summary judgment motion. Appeal is taken from the rulings affecting John Fussell.

On February 5, 1985, appellant, as purchaser, entered into a contract with Winterchase Townhomes, Inc. ("Winterchase"), as seller, and Carlsgate Properties, Inc. ("Carlsgate"), as broker, for the purchase of a townhome under construction by Carl E. Jones Development, Inc. ("Jones Development"). At all material times Carl Jones was president of Winterchase, Carlsgate, and Jones Development, and he signed the sales contract in his capacity as president of Winterchase. After the sale was concluded and appellant and his wife took possession of the property, they made several demands on Winterchase for correction of certain construction defects. When Winterchase failed to complete the repairs to their satisfaction, appellant made a demand for rescission of the contract, which was refused, and then filed this action against Jones, Winterchase, Carlsgate, and Jones Development.

1. Appellant first enumerates as error the trial court's acceptance of Jones' argument that he was not individually liable for any of the claims. Appellant contends a material fact question remains regarding whether Jones participated in commission of tortious acts by the corporate defendants.

"The mere operation of corporate business does not render [a corporate officer] personally liable for corporate acts. [Cit.]" *Earnest v. Merck*, 183 Ga. App. 271, 273 (358 SE2d 661) (1987). A corporate officer "who takes part in the commission of a tort by the corporation is personally liable therefor, but an officer of a corporation who takes

no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or co-operated therein [or if he disregarded the corporate form so as to authorize piercing of the corporate veil]." (Citations and punctuation omitted.) *Smith v. Hawks*, 182 Ga. App. 379, 385 (355 SE2d 669) (1987).

It is undisputed that Jones executed the sales contract in his capacity as president of Winterchase. Although appellant alleges in his amended complaint that Jones made oral misrepresentations in his individual capacity, Jones testified by affidavit that during his dealings with appellant and his wife he "acted strictly and entirely in [his] representative capacity as an officer and authorized agent of the several corporations," and that he never disregarded these corporate entities. Further, in his affidavit Jones specifically denied having participated in any fraudulent acts or having made any fraudulent misrepresentations. Appellant presented no evidence to rebut or controvert this testimony. There is no evidence in the record that Jones personally committed or specifically directed the commission of any tortious acts. See id. Accordingly, Jones having pierced appellant's allegations against him and appellant having failed to present any rebuttal evidence raising a genuine issue of material fact concerning his personal liability, we hold the trial court properly granted summary judgment to Jones. See *Buice Grading &c. v. Bales*, 187 Ga. App. 263, 265 (370 SE2d 26) (1988).

2. In his remaining enumerations appellant contends the trial court erred by denying summary judgment to him against all defendants on the issues of liability for negligent construction and fraud. We do not agree. Since we have upheld the grant of summary judgment to Jones, these enumerations are moot as to him. With regard to Winterchase, Carlsgate, and Jones Development, the evidence presented by appellant and his wife in support of their motion for summary judgment consisted of appellant's affidavit testimony concerning the presence of certain defects in the townhouse and the testimony of four expert witnesses stating their opinions that certain aspects of the construction were defective and not in accordance with applicable building codes. In response, appellees presented the testimony of Jones that the townhouse had been built in a good and workmanlike manner in accordance with industry standards and building codes. The conflicting testimony of appellant and Jones raises questions of material fact. Regardless of whether Jones' testimony was offered as expert testimony, these factual disputes cannot be overcome on summary judgment by the opinion testimony of appellant's experts because opinion evidence can never be the basis for the grant of summary judgment in favor of a *plaintiff* even when, as here, the claim is one requiring the presentation of expert testimony by the

plaintiff as a prerequisite to recovery. See *Howard v. Walker*, 242 Ga. 406, 407 (249 SE2d 45) (1978). Accordingly, we find the trial court properly denied appellant's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 31, 1991.

*Anthony Kirkland*, for appellants.
*Steve F. Carley*, for appellees.