A92A0369. FUDA et al. v. KROEN.
(420 SE2d 767)

SOGNIER, Chief Judge.

Stanley Kroen brought suit against his former employer, Tall Ships Sales, Inc., and the corporation's president, Rocco Fuda, and vice president, Joseph Fuda, asserting claims for breach of contract, fraud, conspiracy, and unjust enrichment. Tall Ships Sales filed bankruptcy proceedings and was voluntarily dismissed. The individual parties waived trial by jury, and following a bench trial judgment was entered in favor of Kroen against both individuals jointly and severally for $51,155.64 principal, $15,000 interest, and $15,000 attorney fees. The Fudas appeal.

The evidence adduced at trial established that appellee began his employment as national sales director of Tall Ships (hereinafter "the corporation"), a wholesale distributor of frozen fish, in May 1989. He was terminated in October 1989 when he attempted to halt a delivery of inventory to another corporation owned or controlled by appellants that had not paid for previous shipments. It is undisputed that during

the approximately six months he was employed by the corporation he lent the corporation money and advanced certain expenses on its behalf. Appellee calculated the amount owed him by the corporation at $51,155.64. By letter dated October 11, 1989, which was admitted into evidence, appellant Joseph Fuda acknowledged a corporate debt to appellee in the amount of $50,455.64. No question exists that neither appellant ever personally guaranteed the corporation's debt to appellee.

1. Appellants contend the evidence was insufficient to support the trial court's finding that they are liable to appellee individually because the corporate veil had been pierced.

"The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party has over extended his privilege in the use of a corporate entity in order to defeat justice, perpet[r]ate fraud or to evade contractual or tort responsibility. Because the cardinal rule of corporate law is that a corporation possesses a legal existence separate and apart from that of its officers and shareholders, the mere operation of corporate business does not render one personally liable for corporate acts. Sole ownership of a corporation by one person or another corporation is not a factor, and neither is the fact that the sole owner uses and controls it to promote his ends. There must be evidence of abuse of the corporate form. Plaintiff must show that the defendant disregarded the separateness of legal entities by commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records or control." (Citations and punctuation omitted.) *Amason v. Whitehead*, 186 Ga. App. 320, 321-322 (367 SE2d 107) (1988). Our examination of the trial transcript convinces us that the evidence in the case sub judice failed to meet these requirements, and thus was insufficient to support the trial court's determination that the corporate veil had been pierced. Accordingly, we reverse.

In support of his allegation that appellants had disregarded the corporate form, appellee testified that the loans and advances he made to the corporation were induced by representations and personal assurances made by appellant Joseph Fuda that the corporation's indebtedness to appellee would be secured by its accounts receivable and inventory; that the inventory was sufficient to cover the debt; and that appellee would receive priority over all other creditors in the disbursement of accounts receivable. Appellee testified that despite these assurances, monies derived from the corporation's accounts receivable were subsequently applied to other corporate expenses rather than to repayment of the debt to appellee. However, even assuming, without deciding, that Joseph Fuda's promise constituted a legally binding obligation, appellee proffered no evidence that even suggests that the expenses paid with corporate funds were not

legitimate corporate expenses. Moreover, at trial appellee admitted his belief that Joseph Fuda did not make these assurances with fraudulent intent. Appellee testified that during the applicable time period both he and appellants had believed that sales of the corporation's inventory would cover the debt to appellee, but that belief ultimately proved inaccurate and overly optimistic, as the receipts from sales were inadequate to cover the corporation's expenses. Thus, the evidence here, as in *Hickman v. Hyzer*, 261 Ga. 38 (401 SE2d 738) (1991), may have showed "a classic example of a failed business, [but was] not a case of wrongdoing, fraud and bad faith on the part of . . . corporate [officers]." Id. at 41.

Further, although appellee testified he had knowledge that corporate funds had been used to pay appellants' personal expenses such as travel, dry cleaning, telephone, and even housing, he adduced no evidence showing that these were not legitimate business expenses or authorized by the corporation as part of appellants' compensation packages. Compare *Abbott Foods &c. v. Elberton Poultry Co.*, 173 Ga. App. 672-674 (2) (327 SE2d 751) (1985) (corporate veil pierced where president and principal shareholder paid himself substantial unauthorized salary advances during period when corporate checking account was substantially overdrawn and used corporate funds to make unauthorized loan and insurance payments on personal car). The evidence failed to show commingling or disregard of the corporate form sufficient to pierce the corporate veil. See *Marett v. Professional Ins. Careers*, 201 Ga. App. 178, 180-181 (1) (b) (410 SE2d 373) (1991). Rather, appellee's own testimony reflected scrupulously accurate maintenance of separate corporate records and accounts and included no showing that any personal and corporate accounts were commingled or confused. See *Hester Enterprises v. Narvais*, 198 Ga. App. 580, 581-582 (1) (402 SE2d 333) (1991); compare *Sheppard v. Tribble Heating &c.*, 163 Ga. App. 732-733 (1) (294 SE2d 572) (1982) (corporate veil pierced where, in addition to other evidence including undercapitalization and use of corporate funds to pay personal expenses, sole shareholder and director deposited corporate checks into his personal account) with *Hickman*, supra.

Evidence that appellants had utilized corporate funds, including those lent by appellee to the corporation employing him, for the benefit of other corporations owned or controlled by appellants "might constitute 'factors to consider in disregarding the corporate fiction as between the two separate corporate entities . . . and treating them as one, but (would) not (be) sufficient to establish that there is such unity of interest as between the corporations and [appellants] to treat them as one.' [Cit.]" *Trans-State v. Barber*, 170 Ga. App. 372, 374 (317 SE2d 242) (1984). Accordingly, as no evidence was adduced that appellants abused the corporate form by disregarding the separate-

ness of the corporation through commingling or confusing its assets, records, or control with their own, see *Amason*, supra at 322, we hold that the trial court erred by finding that the corporate veil had been pierced, resulting in the individual liability of appellants.

2. Our decision in Division 1 renders it unnecessary that we address appellants' remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 23, 1992 —
RECONSIDERATION DENIED JULY 8, 1992.

*Hirsch Friedman & Associates, Hirsch Friedman,* for appellants.
*Kaufman, Chaiken & Sorensen, Robert J. Kaufman, Fredric Chaiken,* for appellee.