### A00A1440. HAYES v. COLLINS.
(538 SE2d 785)

MIKELL, Judge.

Lisa Hayes sued Jennifer Collins seeking repayment of a loan and tort damages for emotional distress. On the motion of Collins, the trial court dismissed Hayes' tort claim. The court granted summary judgment to Collins on the claim for repayment of a loan, and Hayes appeals. We affirm.

The evidence shows that Hayes' late husband, Tony Hayes, loaned Corporate Staffing Solutions, Inc. (the "Corporation") a total of $33,500, by writing three checks from his home equity line of credit. Mr. Hayes made two of the checks payable to the Corporation, and the third payable to himself. The third check was deposited into the Corporation's account. The terms of the loan were not reduced to writing, and Mr. Hayes did not establish any deadlines for repayment.

Mr. Hayes died in February 1998. On May 28, 1998, Ms. Hayes and Collins held a meeting with the executor of the estate. Collins, who is the Corporation's president and sole shareholder, stated that she would attempt to repay the loan made to the Corporation. Ms. Hayes testified that she subsequently discovered that her late husband and Collins had been engaged in an adulterous relationship prior to his death.

Ms. Hayes filed suit against Collins individually. The complaint alleged that Collins had failed to repay the loan made to the Corpora-

---

tion and sought judgment in the amount of the outstanding corporate debt, as well as tort damages for the emotional distress suffered by Ms. Hayes as a result of the adulterous relationship between her late husband and Collins. Collins filed an answer in which she denied individual liability for the corporate debt and a counterclaim alleging the tort of invasion of privacy. The trial court dismissed Ms. Hayes' tort claim. The parties subsequently filed cross-motions for summary judgment, and the court entered judgment in favor of Collins.

In reviewing grants of summary judgment, "this court conducts a de novo review of the law and the evidence."[1] To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[2]

We conclude that the trial court properly entered summary judgment in favor of Collins. It is an undisputed fact that Mr. Hayes made the loan at issue to the Corporation. It is also undisputed that the Corporation has not repaid the loan; however, Collins cannot be held personally liable for corporate debts absent evidence to warrant piercing the corporate veil.[3] "Because the cardinal rule of corporate law is that a corporation possesses a legal existence separate and apart from that of its officers and shareholders, the mere operation of a corporate business does not render one personally liable for corporate acts."[4]

Whether to pierce the corporate veil is normally a question for jury determination. However, in order for the trial court to submit the issue to a jury, the plaintiff must introduce evidence "that the corporate arrangement was a sham, used to defeat justice, to perpetrate fraud, or to evade statutory, contractual or tort responsibility."[5] There is no such evidence in the record. Contrary to the argument of Ms. Hayes, "[s]ole ownership of a corporation by one person . . . is not a factor, and neither is the fact that the sole owner uses and controls it to promote [his] ends."[6]

Ms. Hayes argues that fraud and deceit on the part of Collins justified piercing the corporate veil. It is Ms. Hayes' contention that Collins fraudulently induced Mr. Hayes to make the loan to the Cor-

[1] *Renii v. Silver Dollar City*, 229 Ga. App. 160, 162 (1) (493 SE2d 540) (1997).

[2] OCGA § 9-11-56 (c); *Lauth Corp. v. Hoskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[3] *Davis v. Southern Exposition Mgmt. Co.*, 232 Ga. App. 773, 775 (3) (503 SE2d 249) (1998).

[4] (Punctuation omitted.) *Radu v. Kraus*, 204 Ga. App. 856, 857 (1) (430 SE2d 757) (1992).

[5] (Punctuation omitted.) *F & F Materials v. Cooper's Seafood Co.*, 204 Ga. App. 63, 65 (4) (445 SE2d 781) (1994).

[6] (Punctuation omitted.) *Radu, supra*, 204 Ga. App. at 857.

poration through their "improper relationship." However, Ms. Hayes did not allege fraud in her complaint or in her motion for summary judgment.

Rather, Ms. Hayes has argued fraud for the first time on appeal. "Issues not raised in the court below may not be raised for the first time on appeal."[7] Accordingly, we are precluded from considering Ms. Hayes' allegation of fraud. Even if we were to consider it, there is no evidence to support the argument that the loan was induced by an improper relationship.

"One who deals with a corporation as such an entity cannot, in the absence of fraud, deny the legality of the corporate existence for the purpose of holding the owner liable."[8] Because the record is devoid of evidence to warrant piercing the corporate veil, Ms. Hayes cannot recover from Collins individually for repayment of the corporate loan. The trial court properly granted summary judgment to Collins.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED AUGUST 29, 2000.

*Michael A. Gabel*, for appellant.
*Lee Sexton & Associates, John S. Mixon, Jr., Bruce R. Millar*, for appellee.

---

[7] *Mapp v. Drake*, 178 Ga. App. 830, 831 (344 SE2d 682) (1986). See also *Hembree v. Johnson*, 224 Ga. App. 680, 681 (2) (482 SE2d 407) (1997).

[8] (Citations and punctuation omitted.) *Gen. Ins. Svcs. v. Marcola*, 231 Ga. App. 144, 149 (7) (497 SE2d 679) (1998). See also *Garrett v. Women's Health Care of Gwinnett, P.C.*, 243 Ga. App. 53 (532 SE2d 164) (2000).