A00A1448. FULTON COUNTY v. FULTON COUNTY SCHOOL DISTRICT.
(542 SE2d 507)

BLACKBURN, Presiding Judge.

Fulton County (the County) appeals the trial court's grant of summary judgment to Fulton County School District (the School) in this declaratory judgment action filed by the School against the County to declare the rights and obligations of the parties relevant to certain past and future school projects. The County enumerates as error the trial court's grant of summary judgment to the School in the following particulars:

1. Genuine issues of material fact exist regarding the alleged Interim Agreement;
2. The course of dealings between County and School are factually distinguishable from the case authority relied upon by the Court;
3. In declaring "that the County must reimburse [the School] for amounts expended by [the School] pursuant to the Interim Agreement to pay for Traffic Improvements at new schools";
4. In declaring "that the County is legally responsible for paying for Traffic Improvements at new schools";
5. In declaring "that traffic signals, flashing warning signs, acceleration and deceleration lanes, road paving or road widening projects, and any other similar improvements made to facilitate and control the flow of traffic on public streets and highways in the vicinity of public schools located in unincorporated Fulton County must be paid for by the County";
6. In granting summary judgment as to issues which were moot; and,
7. In granting summary judgment as to County's liability for future events.

On January 16, 1998, the School filed a petition for declaratory judgment against the County. The School alleged that it had built eighteen new schools over the past ten years and anticipates building an additional seventeen new schools over the next five years, many of

which are or will be located in unincorporated Fulton County; new schools often require improvements to the public streets and highways in the vicinity of such schools; and that the School and the County disagree as to which of them is responsible for such traffic improvements.

The School further alleged that to resolve the dispute on an interim basis, the parties had entered into an agreement (Interim Agreement), which provided that the cost of traffic improvements at new schools would be split between them, subject to a later legal determination of responsibility. The School alleged that it had expended in excess of $140,000 pursuant to the Interim Agreement at the time of filing the petition for declaratory judgment.

The relief sought by the School was a declaration by the court that the School was prohibited by the Georgia Constitution and OCGA § 20-2-411 from using state or local tax funds for traffic improvements at new schools; an order declaring that the County is legally responsible for paying for traffic improvements at new schools; an order declaring that certain specified traffic improvements on public streets and highways in the vicinity of public schools located in unincorporated Fulton County must be paid for by the County; and an order declaring that the County must reimburse the School for amounts expended by it pursuant to the Interim Agreement to pay for traffic improvements at new schools.

On April 29, 1998, the School filed its motion for summary judgment as to each and every claim asserted in its complaint. On May 29, 1998, the County filed its cross-motion for summary judgment. On August 10, 1998, the trial court's order of August 6, 1998, granting the School's motion for summary judgment and its petition for declaratory judgment and denying the County's cross-motion for summary judgment was filed.

We address initially the appropriateness of a declaratory judgment action in this case.

> The Declaratory Judgment Act provides a means by which a superior court simply declares the rights of the parties or expresses its opinion on a question of law, without ordering anything to be done. The purpose of the Act is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. OCGA § 9-4-1.

(Citation and punctuation omitted.) *Baker v. City of Marietta.*[1]

The object of the declaratory judgment is to permit

---

[1] *Baker v. City of Marietta*, 271 Ga. 210, 213 (1) (518 SE2d 879) (1999).

determination of a controversy *before* obligations are repudiated or rights are violated. And where, as here, the [petition] shows that the rights of the parties have *already* accrued and no facts or circumstances are alleged which show that an adjudication of [the School's] rights is necessary in order to relieve it from the risk of taking any future undirected action incident to its rights, which action without direction would jeopardize its interest, the [petition] fails to state a cause of action for declaratory judgment. A declaratory judgment will not be rendered to give an advisory opinion.

(Citation and punctuation omitted; emphasis in original.) *Solid Rock Baptist Church v. Freight Terminals*.[2]

In its declaratory judgment action, the School sought a declaration by the court that it was not authorized to expend the $140,000 in school funds which it had already spent. Being advised that it was not authorized to expend those funds in no way provides relief or guidance in relation thereto. The School was clearly aware of its limited authority to expend school funds under OCGA § 20-2-411, and under Art. VIII, Sec. VI, Par. I (b) of the Georgia Constitution, at the time it filed the underlying action.

In 1994, in *DeKalb County School Dist. v. DeKalb County*,[3] our Supreme Court addressed a similar dispute between authorities in DeKalb County. At issue was whether DeKalb County School District or DeKalb County should pay for improvements to a county road associated with the construction of a new school. In that case, our Supreme Court held that:

The 1983 Georgia Constitution, Art. VIII, Sec. VI, Par. I (b), provides that school tax funds shall be expended only for the support and maintenance of public schools, public vocational-technical schools, public education, and activities necessary or incidental thereto, including school lunch purposes.

(Punctuation omitted.) Id. at 880. The Supreme Court also noted that OCGA § 20-2-411 limits the use of school funds to educational purposes. OCGA § 20-2-411 provides, inter alia:

The school funds shall be used for educational purposes and may be used to pay the salaries of personnel and to pay for

---

[2] *Solid Rock Baptist Church v. Freight Terminals*, 184 Ga. App. 111, 112 (361 SE2d 200) (1987).

[3] *DeKalb County School Dist. v. DeKalb County*, 263 Ga. 879 (440 SE2d 185) (1994).

the utilization of school facilities, including school buses, for extracurricular and interscholastic activities, including literary events, music and athletic programs within individual schools and between schools in the same or in different school systems when such activities are sponsored by local boards of education as an integral part of the total school program, and for no other purpose.

Consequently, the Supreme Court held that the DeKalb County School District could not constitutionally expend its tax funds to pay for road improvements.

[B]ecause the road improvements not only stray from the District's principal responsibility of furthering the education of the County's children, but also provide a benefit to the citizens of the county in a way generally reserved to the County, we hold that the expenses are not "necessary and incidental" to public education and may not be paid for with school tax funds. If we were to reach a contrary holding, then school districts could arguably use precious educational funds to improve dangerous intersections and road conditions along all routes used by school buses.

*DeKalb*, supra at 882.

The opinion in *DeKalb* was rendered approximately six years ago, and OCGA § 20-2-411 could not be clearer. Here, the School needed no declaration as to the limitations on its authority to expend school funds, either those it had already expended or those it contemplated expending. If it was without authority to expend school funds for traffic improvements, it was likewise without authority to contract to do so.

The obligations of a county to generally provide traffic improvements to the county road system required by new school construction, within its discretionary authority, was addressed in *DeKalb*. Our Supreme Court found that road improvements to the county road system fell within the services to be provided by the county. Id. at 882. We note that *DeKalb* involved a single school project, and it was undisputed that the subject road was a part of the county road system.

It is unclear from the record in this case whether or not all of the projects, past and future, involve traffic improvements to roads that are a part of the county road system. If, for example, a project involved a road that was a part of the state highway system, the county may have no responsibility for such road. In this case, there was, in fact, no written Interim Agreement, and the parties dispute

the existence and content of the oral agreement which the School alleged. The record contains no evidence of the projects involved, past and future; no evidence as to whether or not such projects involve improvements to the county road system; no evidence of the details of the particular projects; no evidence of whether the improvements associated with each project benefit the public in general as well as those entering or leaving the school grounds; and no evidence that the subject road improvement projects were approved and adopted as provided by statute.

The statutory law that governs a county's rights, duties, powers, and responsibilities as to the county road system is found at OCGA § 32-4-40 et seq. Our Supreme Court has applied these statutes and their relevant constitutional interpretation in several cases involving conflicts between branches of county government, which provide some basis for a resolution of this case. See *Russell v. Fletcher*.[4] The County takes the position that

> [t]he Constitution of the State of Georgia does not render counties responsible for road improvements which are made to portions of the road adjoining school property and which are required solely for the purpose of insuring the safety of people entering or leaving the school and not for the purpose of insuring the safety of all citizens of the county.

County's Answer, Third Affirmative Defense. Given our Supreme Court's interpretation of the limits imposed upon the School by the Georgia Constitution and statutory law, improvements to any portion of the county road system are generally the responsibility of the county, if such improvements are approved pursuant to law, even if the purpose of the improvements is solely to insure the safety of people entering or leaving the school.

As indicated above, the record in this case does not permit a determination of responsibility as to the particular projects, because there is no evidence to establish the elements necessary to resolve the issue. Also, a declaratory judgment is not a proper remedy for the relief sought by the School. In its post-oral argument brief, the School contends that "no monetary relief is sought in this action"; that "the Interim Agreement is not the basis for the relief sought in this case"; and that the "[C]ounty thus assumes [in its brief] that the [court's] Order implicitly granted [the School's request for monetary damages]." Fulton County School District's Post-Argument Brief, pp. 3-6. Given the fact that the School specifically prayed for monetary relief in excess of $140,000; that in the School's motion for summary judg-

---

[4] *Russell v. Fletcher*, 244 Ga. 854 (262 SE2d 138) (1979).

ment, it *prayed for judgment as to each and every claim asserted in its complaint*; and that the trial court granted the School's motion for summary judgment, there was nothing implicit in the trial court's ruling; it explicitly granted the relief for which the School prayed.

We note that despite the existing law in this area, we once again have two branches of county government choosing to litigate over their respective responsibilities at taxpayers' expense rather than resolving their differences within the county government structure. It would appear that the Fulton County Commission should assume some responsibility for the actions of these two branches of Fulton County government. Sadly, it is the county taxpayers who must pay the cost and expense of such litigation, and the children and teachers of Fulton County are deprived of needed funds that are being needlessly expended on attorney fees and other litigation expenses. We echo the sentiments of Justice Fletcher in his special concurrence in *DeKalb*:

> This case illustrates once again why the various branches of local government should work together in a spirit of cooperation to accomplish the greatest good for the taxpayers without needless waste of public funds. Here, the taxes which support both parties are derived from the same source, the citizens of [Fulton] County. Upon these same citizens is cast the burden of attorney fees and expenses of litigation of both parties in this action. In [Justice Fletcher's] 25 years of local government representation in rural northwest Georgia, [Justice Fletcher] observed a strong spirit of cooperation between school boards, cities, counties and authorities, with the ultimate beneficiary of such cooperation being the local citizens. Government in metropolitan areas would do well to emulate such cooperation.

(Citations omitted.) *DeKalb*, supra at 882.

Because this case was not a proper action for declaratory judgment, we vacate the order of the trial court and remand the case for further consideration consistent with this opinion.

*Judgment vacated and case remanded. Eldridge and Barnes, JJ., concur.*

DECIDED NOVEMBER 2, 2000.

*Yvonne Latorre, Willie J. Lovett, Jr.*, for appellant.

*Sutherland, Asbill & Brennan, Judith A. O'Brien, Howard P. Slomka,* for appellee.