A01A0353. DEAN v. CITY OF JESUP et al.
(549 SE2d 466)

ANDREWS, Presiding Judge.

Roscoe Dean, Jr. appeals from the trial court's dismissal of his request for declaratory judgment. The court dismissed the declaratory judgment action after finding that all issues raised by the request were moot. We agree and affirm.

This case arose when the City of Jesup granted property owners' requests that the City abandon its easement rights to several streets and alleys in one area of town. The adjacent property owners made the request because they wanted to put together a parcel of land for sale to a developer. The City placed a value of $20 on its easement rights in the property, and Dean filed the instant complaint for declaratory judgment and injunctive relief, alleging that the $20 value the City placed on the easements was less than their true value and, therefore, gave the adjacent property owners a gratuity in violation of the Georgia Constitution. Dean filed the complaint and request for a temporary injunction on August 4, 2000. The court issued a rule nisi setting a hearing for August 31, 2000, but did not grant Dean's ex parte request for a temporary restraining order. Before the hearing, the City officially abandoned the easements and issued the quitclaim deeds.

At the hearing, the City argued that because the easements had already been abandoned and the quitclaim deeds executed, recorded and delivered, the issues raised in the declaratory judgment action were moot. The trial court agreed, stating that a declaratory judgment would serve no purpose and what Dean was actually seeking was to have the conveyances set aside as improper, and that could

not be done because the property owners, as indispensable parties, were not before the court. The court granted the City's motion to dismiss, and this appeal followed.

1. The trial court correctly granted the City's motion to dismiss because the issues raised in the declaratory judgment action were moot.

> The Declaratory Judgment Act provides a means by which a superior court simply declares the rights of the parties or expresses its opinion on a question of law, without ordering anything to be done. The purpose of the Act is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. OCGA § 9-4-1.

*Fulton County v. Fulton County School Dist.*, 246 Ga. App. 631, 632 (542 SE2d 507) (2000). "[I]f an action for a declaration raises issues which are . . . moot, the Georgia statute is not applicable, and the action must be dismissed as decisively as would be any other action presenting the same non-justiciable issues." *In the Interest of I. B.*, 219 Ga. App. 268, 269 (464 SE2d 865) (1995), citing *Felton v. Chandler*, 75 Ga. App. 354, 361 (43 SE2d 742) (1947). "The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated." *Fulton County*, supra at 632-633. Likewise, "[a] declaratory judgment will not be rendered to give an advisory opinion." Id.

Here, the trial court correctly determined that the declaratory judgment action could no longer afford Dean the relief he sought. It was undisputed that the City had already abandoned the easements and executed, recorded and delivered quitclaim deeds. Therefore, any ruling by the trial court on the petition for declaratory judgment would have been purely advisory as there were no justiciable controversies remaining. *Fulton County*, supra.

2. Likewise, Dean's argument that the trial court erred in not granting the temporary restraining order and in allowing the mayor and city commissioners to commit an ultra vires act also presents no issue for us to review on appeal. "If an appellant or cross-appellant will benefit by reversal of a case, his appeal is not moot. If, however, reversal of a trial court's judgment is of no practical benefit to the parties, any issues raised on appeal are rendered moot." (Citations and punctuation omitted.) *McWhorter v. Greene*, 221 Ga. App. 590, 591 (472 SE2d 135) (1996). Further, "[t]his court will not retain jurisdiction of a moot case to consider basic legal questions even though plaintiff[ ] might derive some benefit in future litigation from a favorable adjudication of the question." (Punctuation omitted.) Id., citing *Berrie v. Baucknecht*, 224 Ga. 432, 433 (162 SE2d 317) (1968).

3. Alternatively, Dean contends the trial court should have allowed him to join the property owners as indispensable parties rather than dismissing the declaratory judgment action. We find no merit to this enumeration because Dean never requested that the court allow him to amend his complaint or join any other parties. Issues not raised in the court below may not be raised for the first time on appeal. *Hayes v. Collins*, 245 Ga. App. 704 (538 SE2d 785) (2000).

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED MAY 16, 2001.

*James E. Stein*, for appellant.
*J. Alvin Leaphart*, for appellees.