### A01A2252. BARKSDALE v. DEKALB COUNTY et al.
(561 SE2d 163)

MILLER, Judge.

Acting pro se, Richard Barksdale filed a complaint for declaratory judgment against DeKalb County, the DeKalb County Board of Commissioners, four members of the Board of Commissioners, and the DeKalb County Chief Executive Officer. The defendants filed a motion to dismiss and/or for summary judgment. The trial court granted the defendants' motion, finding that there "is no circumstance under which Plaintiff could prevail in this matter," and Barksdale appeals. We affirm.

Barksdale's complaint sought a judicial declaration that the expenditure of funds for attorney fees for lawsuits between the Board and the CEO is illegal. He complains of two lawsuits in particular and of future lawsuits. One of the lawsuits in question was conclusively decided by the Supreme Court of Georgia (see *Bd. of Commrs. v. Levetan,* 270 Ga. 544 (512 SE2d 627) (1999)), and the second was dismissed by the Board of Commissioners on January 4, 2001.

The Declaratory Judgment Act "provides a means by which a superior court simply declares the rights of the parties or expresses its opinion on a question of law, without ordering anything to be done." (Citation and punctuation omitted.) *Baker v. City of Marietta,* 271 Ga. 210, 213 (1) (518 SE2d 879) (1999); see OCGA § 9-4-2. The purpose is to afford relief from insecurity and uncertainty with respect to rights, status, and other legal relations. OCGA § 9-4-1. If an action for declaratory judgment raises issues that are moot, however, "the Georgia statute is not applicable, and the action must be dismissed as decisively as would be any other action presenting the same non-justiciable issues." (Citations and punctuation omitted.) *Dean v. City of Jesup,* 249 Ga. App. 623, 624 (1) (549 SE2d 466) (2001).

Barksdale concedes that this appeal involves an issue that is now moot but argues that this court should consider his appeal because the issue is capable of repetition. However, "[t]he object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated." (Citation and punctuation omitted.) *Dean,* supra, 249 Ga. App. at 624 (1). Therefore, as Barksdale complains of attorney fees already paid for lawsuits that have been resolved, there is no justiciable controversy,

and a declaratory judgment action cannot lie for a probable future contingency. See *Baker*, supra, 271 Ga. at 214-215 (1).

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 22, 2002.

Richard D. Barksdale, *pro se.*
*Jeffrey L. Mann, Charles G. Hicks*, for appellees.