# Court of Appeals
# of the State of Georgia

ATLANTA,  October 13, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1408. BEACHAM v. BEACHAM.**

Charles Beacham ("father") filed a petition for modification of child custody against Deborah Beacham ("mother") in September 2016, seeking to change custody of their then 15-year-old twins.) The parties filed numerous motions in the case, and evidentiary hearings on the petition were held from June 2018 through December 2018. In January 2019, in a 21-page order, the trial court granted the father's petition for modification, awarding him sole legal and physical custody of the children. Additional motions were filed, heard and decided.see record indexThe mother filed a notice of appeal in January 2019 from the final custody order and an amended notice of appeal in October 2019. On November 13, 2019, the trial court granted the father's motion to dismiss the notice of appeal, finding the mother had unreasonably and inexcusably delayed paying costs. In December 2019, the mother filed an application for discretionary appeal from the dismissal order. This Court denied her application in January 2020.r

Acting pro se, the mother filed another notice of appeal in December 2019 and an amendment thereto in February 2020, appealing "from [and] the final judgment issued on November 13, 2019 and joining the prior orders as to custody[.]" (Emphasis in original.) In her appellate brief, the mother enumerates as errors the following: that the trial court lacked jurisdiction over the child custody case; that there was no change in material circumstances affecting the children's welfare; that the court allowed the father to maintain a custody action while interfering with custody; that the court violated her due process rights by not allowing a hearing "on evidence that it lacked subject matter jurisdiction" over the custody case; that the custody judgment

was procured by fraud; and that the court abused its discretion in declining to hold the father "in contempt of custody orders" and in misrepresenting facts in its orders. Notably, none of the enumerated errors specifically challenges the trial court's November 2019 judgment dismissing the notice of appeal.

The father has moved to dismiss the appeal, arguing, among other things, that the appeal is moot because the children are now 19 years old and have completed high school. Indeed, the record shows that the children are over the age of 18, having turned 18 in June 2019, before the notice of appeal in this case was filed (originally and as amended); in her response to the motion to dismiss based on mootness, the mother admits that the children attained the age of 18 years during the proceedings and does not deny that they have completed high school.

If reversal of a trial court's judgment is of no practical benefit to the parties, any issues raised on appeal are rendered moot. See *Dean v. City of Jesup*, 249 Ga. App. 623, 624 (2) (2001). "Because at 18 years the child[ren] ha[ve] reached the age of legal majority and [are] no longer subject to the custody order, this issue is moot. OCGA § 39-1-1 (a) (age of legal majority is 18 years); OCGA § 19-7-1 (a) (at age 18 child no longer in the custody or control of either parent)." *Francis-Rolle v. Harvey*, 309 Ga. App. 491, 492 (1) (2011). Thus, the mother's challenges to the child custody rulings are moot. To the extent the mother's appeal purports to challenge the order dismissing her notice of appeal, the challenge is also moot. That is because even if the mother could show that the trial court abused its discretion in dismissing the mother's notice of appeal, child custody issues raised in a subsequent appeal would be moot. The mother cites no factual or legal basis upon which this Court could conclude that the issues raised in this appeal are not moot. See *Perkins v. Hayes*, _ Ga. App. _ (1) (Case No. A20A0204, decided July 2, 2020). This Court will not consider questions which have been rendered moot, see generally *In the Interest of S. A. D.*, 345 Ga. App. 631, 632 (2018).

Further, to the extent the mother attempts to challenge rulings that were the subject of the notice of appeal dismissed by the trial court in November 2019, given this Court's previous denial of her application for discretionary review of that

dismissal, her attempt is barred by the doctrine of res judicata. See *Nally v. Bartow County Grand Jurors*, 280 Ga. 790, 791 (3) (2006) (the judgment unappealed from became final and is now res judicata as to the same issues sought to be raised in the present case); *Northwest Soc. & Civic Club v. Franklin*, 276 Ga. 859, 860 (2003) (denial of discretionary application is on the merits; appellant has no right to file a direct appeal and obtain a second review of those same claims).

The appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   10/13/2020*
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
                *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*