## A91A1811. WEIR et al. v. McGILL et al.
### (417 SE2d 57)

Pope, Judge.

Charles G. Weir and Isadora G. Weir brought suit against Curtis McGill and McGill Builders, Inc., alleging in their amended complaint claims for fraud, simple negligence, gross negligence, breach of contract, and breach of warranty arising from their purchase of a newly constructed home. By orders dated April 30, 1991, the trial court denied defendants' motion to dismiss plaintiffs' amended complaint, denied McGill Builders, Inc.'s motion for summary judgment, and granted McGill's motion for summary judgment. Plaintiffs appeal the grant of summary judgment to McGill.

1. Plaintiffs argue the trial court erred in granting McGill's motion for summary judgment because a genuine issue of fact exists as to McGill's personal liability on their claim for fraud.

It is well settled that actionable fraud cannot be predicated upon promises to perform some act in the future or mere failure to perform promises made, unless such promises were made with a present intention not to perform or where the promisor knows the future event will not take place. *Dronzek v. Vaughn*, 191 Ga. App. 468 (4) (382 SE2d 188) (1989). The record is devoid of any evidence which would suggest that McGill fraudulently induced plaintiffs to consummate the sale of their home by promising at the time of closing to complete certain repairs in the home without a present intent to do so. Hence, plaintiffs failed to meet their duty of showing that a genuine issue of fact remained for resolution by a jury as to McGill's individual liability for fraud. *Lively v. Garnick*, 160 Ga. App. 591 (3) (287 SE2d 553) (1981); *Lamas v. Baldwin*, 140 Ga. App. 37 (1) (230 SE2d 13) (1976). Thus, the trial court did not err in granting summary judgment to McGill on plaintiffs' fraud claim.

2. Plaintiffs also argue the trial court erred in granting McGill's motion for summary judgment because a sufficient basis exists for a jury to decide that McGill Builders, Inc. was the alter ego of Curtis McGill.

"To establish a basis for disregarding the corporate entity on the ground that the corporation is a mere alter ego of an individual, 'it must be shown that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist; and (that) to adhere to the doctrine of corporate entity would promote injustice or protect fraud. (Cits.)' . . . [Cit.]" *Marett v. Professional Ins. Careers*, 201 Ga. App. 178, 180 (1) (b) (410 SE2d 373) (1991).

In this instance there is no evidence that McGill disregarded the

corporate form or commingled personal and corporate assets. Instead, the record reveals that all documents pertaining to the construction and sale of the plaintiffs' home were executed by McGill as president of McGill Builders, Inc., and all funds regarding the sale of the plaintiffs' home were payable to the corporation. No evidence was produced which would have indicated that McGill Builders, Inc. was undercapitalized or insolvent, or that such unity of interest and ownership existed between McGill and McGill Builders, Inc., that their separate personalities ceased to exist. The only admissible evidence presented by plaintiffs in support of their alter ego claim was McGill's deposition testimony indicating certain vehicles titled in McGill's individual name were used by McGill Builders, Inc. in its construction business. This testimony alone was insufficient to raise a question of fact for the jury regarding plaintiffs' alter ego claim. Accordingly, the trial court did not err in granting summary judgment to McGill on this ground. See *Hester Enterprises, Inc. v. Narvais,* 198 Ga. App. 580 (1) (402 SE2d 333) (1991); *Earnest v. Merck,* 183 Ga. App. 271 (358 SE2d 661) (1987).

3. Plaintiffs next argue the trial court erred in granting McGill's motion for summary judgment because genuine issues of fact remain as to McGill's personal liability on plaintiffs' claims for simple and gross negligence. Plaintiffs contend that sufficient evidence was presented from which a jury could determine that McGill specifically directed or participated in the negligent acts set forth in their amended complaint.

"A corporate officer 'who takes part in the commission of a tort by the corporation is personally liable therefor, but an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or co-operated therein (or if he disregarded the corporate form so as to authorize piercing of the corporate veil).' . . . [Cit.]" *Fussell v. Jones,* 198 Ga. App. 399 (1) (401 SE2d 593) (1991). See also *Lincoln Land Co. v. Palfery,* 130 Ga. App. 407, 411 (1) (a) (203 SE2d 597) (1973).

In support of their claim that McGill specifically directed or personally participated in the negligent construction of their home, plaintiffs refer to the affidavit of Isadora G. Weir filed in opposition to McGill's motion for summary judgment in which she states she saw McGill personally perform landscaping work and operate earth-moving equipment on the property; the deposition testimony of McGill in which he states that he graded the plaintiffs' property, "redid" the whole yard, and failed to compact the backfilled soil along the foundation of the house; and an admission in judicio made in McGill's brief filed in support of his motion for summary judgment in which it is admitted that McGill performed landscaping work for McGill

Builders, Inc. as a subcontractor and using his own equipment.

"On motion for summary judgment, all doubts as to evidence and the benefit of any conflict are to be indulged in favor of the opposing party and construed against the movant. [Cit.]" *Barlow v. Orkin Exterminating Co.*, 196 Ga. App. 822, 823 (397 SE2d 170) (1990). In our view, the record reveals sufficient evidence to create a genuine issue of material fact as to whether McGill could be personally liable in negligence based upon his specific direction of and participation in the negligent acts set forth in plaintiffs' amended complaint. See *Smith v. Hawks*, 182 Ga. App. 379 (4) (355 SE2d 669) (1987); cf. *Fussell v. Jones*, supra. Accordingly, the trial court erred in granting summary judgment to McGill on plaintiffs' negligence claims.

4. Lastly, plaintiffs contend the trial court committed reversible error by granting McGill's motion for summary judgment without conducting an oral hearing or providing plaintiffs an opportunity to submit briefs in response thereto.

After having been served with notice of defendants' motions, counsel for plaintiffs wrote a letter to the judge to whom the case was assigned, objecting to defendants' motions on grounds of timeliness. In a follow-up telephone conversation, the judge apparently agreed that he would stipulate a time by which plaintiffs' written response to the motions should be filed, if the judge later determined defendants' motions to have been timely filed. In reliance upon these communications, plaintiffs failed to file responses to the defendants' motions.

After the case was reassigned to another judge, plaintiffs' counsel, by letter, brought to the attention of the new judge the pendency of defendants' motions, the nature of plaintiffs' objection to them, and the previous judge's decision regarding his consideration of the motions. However, without any further notice to plaintiffs, the trial court entered orders on April 30, 1991, granting, inter alia, McGill's motion for summary judgment. After plaintiffs' counsel raised an objection to the trial court's orders, plaintiffs were granted permission to file a motion to reconsider and vacate the April 30, 1991 orders, along with supporting briefs, affidavits, and depositions. On June 6, 1991, after consideration of the entire record, the trial court entered an order denying plaintiffs' motion to reconsider and vacate and reaffirming the previous grant of summary judgment to McGill.

Citing OCGA § 9-11-56 (c), *Smith v. Conley*, 152 Ga. App. 589 (263 SE2d 453) (1979), and other cases decided prior to the enactment of the Uniform State Court Rules, plaintiffs contend the trial court committed reversible error by failing to provide plaintiffs with an opportunity for oral argument on defendants' motions. However, since the enactment of the Uniform State Court Rules in 1985, the courts of this state have conclusively determined that a trial court is authorized to decide a motion without first providing the parties an

opportunity for an oral hearing. *Kelley v. First Franklin Fin. Corp.*, 256 Ga. 622, 623 (351 SE2d 443) (1987); *Dallas Blue Haven Pools v. Taslimi*, 180 Ga. App. 734, 738 (1) (350 SE2d 265) (1986). Under Rule 6.2 of the Uniform State Court Rules, a party opposing a motion has 30 days after service of the motion to file a response, and under Rule 6.3 a motion may be decided without benefit of an oral hearing unless a written request for a hearing has been made by either party. *Spikes v. Citizens State Bank*, 179 Ga. App. 479 (1) (347 SE2d 310) (1986). Thus, whether oral argument is to be held after a motion is filed is within the power of the parties, not the discretion of the trial court. *Dallas Blue Haven Pools v. Taslimi*, supra at 738.

Since the record in this case reveals neither party requested an oral hearing by rule nisi or other proper procedure, we find it was not error for the trial court to grant McGill's motion for summary judgment without first hearing oral argument.

Furthermore, any error which may have been committed by the trial court's failure to allow plaintiffs to respond to defendants' motions prior to its entering its orders dated April 30, 1991, was not reversible error. " 'To warrant reversal, alleged error must be harmful. (Cit.)' [Cit.]" *Mitchell v. Southern Gen. Ins. Co.*, 194 Ga. App. 218, 220 (4) (390 SE2d 79) (1990). Because plaintiffs were ultimately afforded an opportunity to submit briefs, affidavits and depositions in opposition to defendants' motions, all of which were considered by the trial court prior to its affirming its grant of summary judgment to McGill, any error committed by the trial court could not have harmed plaintiffs. See, e.g., *Premium Distrib. Co. v. Nat. Distrib. Co.*, 157 Ga. App. 666 (2) (278 SE2d 468) (1981).

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 18, 1992.

*Michael A. Dailey*, for appellants.
*Charles A. Mullinax*, for appellees.