A92A0604. JAMES v. THE STATE.
(420 SE2d 383)

BEASLEY, Judge.

James appeals her judgment of conviction and sentence for sale of marijuana in violation of the Georgia Controlled Substances Act, OCGA § 16-13-30 (b).

Based on information from a confidential informant, Special Agent McManus and a second GBI undercover agent proceeded to appellant's residence for the purpose of making an undercover purchase of marijuana. Agent McManus testified that he knocked on the door of appellant's home and she admitted him, asking what he wanted. He responded, "some smoke," whereupon she agreed to sell him a quantity of marijuana which the agent observed in a clear plastic bag on a coffee table in close proximity. They agreed on a price of $40. He testified that he had "no doubt" that appellant was the person who sold him the contraband.

1. Appellant contends she is entitled to a new trial because of a prejudicial statement made by the prosecuting attorney in closing argument.

After her arrest and receipt of *Miranda* warnings, appellant agreed to make a statement to the investigating officer, which he recorded and she signed: "Betty Jean James states she does not remember selling Agent McManus a quantity of marijuana."

Appellant testified in her own defense, stating during direct examination, "I have never sold marijuana or anything to anyone." She testified on cross-examination, "Well, I never sold him [Agent McManus] no pot, so I wouldn't remember it."

The prosecutor argued in closing, "I would submit that the

State's case is as good as it can be, direct eyewitness testimony. But the most compelling piece of evidence is the defendant's own statement given at the time. She didn't say, 'I've never seen you before, I didn't sell you any marijuana,' she says, 'I don't remember selling any, I don't remember.' What you could deduce from that is I sell so much marijuana, I don't remember who I sell it to." Appellant's objection, which was that the deduction was not a logical inference to be drawn from the evidence, was overruled. No further relief was requested.

Appellant's post-arrest statement was properly in evidence and thus was a suitable subject for closing argument. As appellant concedes, a prosecutor may argue deductions which are illogical, absurd or even unreasonable, so long as there is evidence from which such deductions may be drawn. *Abner v. State*, 139 Ga. App. 600, 602 (3) (229 SE2d 83) (1976); *Clark v. State*, 146 Ga. App. 697 (3) (247 SE2d 221) (1978). "[I]t is permissible for counsel to draw deductions from the evidence regardless of how illogical and unreasonable, and this is a 'matter for reply by adverse counsel, not for rebuke by the court.' [Cit.]" *Adams v. State*, 260 Ga. 298, 299 (1) (392 SE2d 866) (1990). Accord *George v. State*, 260 Ga. 809 (4) (400 SE2d 911) (1991). The trial court did not err in overruling appellant's objection that it was not logical.

We express no opinion as to whether, as appellant now asserts, the prosecutor's remark had the effect of impermissibly introducing her character in evidence. That was not the basis for the objection raised at trial and we are not at liberty to consider it. " 'A ground not raised by objection at trial cannot be raised for the first time on appeal.' [Cit.]" *Thomas v. State*, 196 Ga. App. 88, 90 (395 SE2d 615) (1990).

2. Appellant enumerates as error that portion of her sentence ordering payment of court-appointed attorney expenses, without first conducting a hearing and making written findings of fact as required by OCGA §§ 17-14-8 and 17-14-10. Because the court amended the sentence (during a hearing on appellant's motion to reconsider sentence) by deleting the requirement of reimbursement for court-appointed attorney fees, this enumeration is moot.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 29, 1992.

*Summer & Summer, Daniel A. Summer,* for appellant.
*C. Andrew Fuller, District Attorney, C. David Turk III, Assistant District Attorney,* for appellee.