A93A1811. BROWN et al. v. RENTZ et al.
(441 SE2d 876)

SMITH, Judge.

Roy and Sheila Brown brought suit against Rentz Builders, Inc., Lonnie S. Rentz, and Linda Rentz, alleging claims for negligent construction of a residence and negligent misrepresentation in the sale of the residence to them.[1] The defendants moved for summary judgment. The trial court denied the corporation's motion and granted those of Lonnie and Linda Rentz.

The record reveals that Lonnie Rentz was a shareholder, director, and officer in Rentz Builders, Inc. His wife, Linda, was not a shareholder in Rentz Builders, Inc. but was the corporate secretary. She is a real estate agent for Royer Realty, and her listings included homes built by Rentz Builders, as well as others. She was both the listing agent and the selling agent on the house built by Rentz Builders and purchased by the Browns. At the time the house was listed for sale, Rentz Builders, Inc. was listed as the owner.

The Browns alleged in their complaint that immediately after purchasing the house they began having structural problems. Among other things, the roof leaked and the basement flooded. They complained to Lonnie Rentz, and although he responded several times by sending subcontractors to repair the problems, the defects were not fixed to the Browns' satisfaction, necessitating costly repair by other contractors. The Browns alleged in their complaint that the problems were caused by defective construction and that the Rentzes knowingly and falsely represented to them that the house was properly constructed and of good quality. At the time of the Rentzes' depositions, Rentz Builders, Inc. had no assets, and Lonnie was building homes under another corporate name.

The trial court granted the Rentzes' motions on the ground that plaintiffs had presented no evidence showing that either of the Rentzes, in their individual capacities, had participated in the sale or had disregarded the corporate entities they represented.

The Browns contend the trial court erred by granting the Rentzes' motions for summary judgment because the Rentzes so disregarded the corporate form in their respective activities with regard to the construction and sale of the house that the corporate veil was

---

[1] In an amendment to her answer, Linda Rentz impleaded Royer Realty, Inc., but Royer is not involved in this appeal.

pierced.

1. With respect to the claims against Linda Rentz, we do not agree.

"An inherent purpose of incorporation is insulation from liability. A corporation possesses a legal existence separate and apart from that of its officers and shareholders so that the operation of a corporate business does not render officers and shareholders personally liable for corporate acts. [Cits.] . . . [To pierce the corporate veil,] there must be abuse of the corporate form. 'Sole ownership of a corporation by one person or another corporation is not a factor, . . . and neither is the fact that the sole owner uses and controls it to promote his ends.' [Cit.] The law intervenes when the separate personalities of the corporation and its owner no longer exist." *Derbyshire v. United Builders Supplies*, 194 Ga. App. 840, 844 (392 SE2d 37) (1990).

The Browns alleged that the corporate veil was pierced by evidence that Linda Rentz had chosen paint colors or selected and hung wallpaper in the house, that she had picked up a whirlpool which was to be installed in the bathroom, and that she had paid bills for certain materials. Even though the Browns point to isolated instances in which Linda Rentz played some role, however minimal or indirect, in the construction of the house, there is no evidence that she did so in any capacity except that of real estate agent or as a favor to her husband, a principal in the corporation. Contrary to the Browns' contentions, the evidence shows only that suppliers sometimes placed the name of either of the Rentzes individually on invoices, and not that the Rentzes instructed them to do so or that the Rentzes individually purchased construction supplies and materials. The evidence does show without dispute that the property sign indicated the house was owned and was being offered for sale by the corporation and that Linda Rentz was listed as the agent. The evidence does not show commingling of corporate and private funds or disregard of the corporate form sufficient to pierce the corporate veil. See *Fuda v. Kroen*, 204 Ga. App. 836, 837-839 (1) (420 SE2d 767) (1992). Therefore, the trial court did not err in granting Linda Rentz's motion for summary judgment.

2. With respect to Lonnie Rentz, however, our analysis does not end with our determination that the corporate veil was not pierced. Although we agree with the trial court that the evidence established that Lonnie did not build the house in his individual capacity, "it is well established that '(a)n officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor, (and) an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or cooperated therein.' . . . [Cits.]" *Cherry v. Ward*, 204 Ga.

App. 833, 834 (1) (a) (420 SE2d 763) (1992).

The record shows that although much of the major work on the house was subcontracted, Lonnie Rentz oversaw the subcontract work, did "small stuff" — "trim work," "a little of the paint work," responded personally when the Browns called, and personally performed some repair work they now claim was defective. Given this evidence and his status as a corporate officer, if a jury found the corporation negligent in constructing the house, it would also be authorized to find that Lonnie Rentz is personally liable for the negligent construction "because he specifically directed the manner in which the house was constructed or participated or cooperated in its negligent construction. [Cit.]" Id.

Summary judgment is proper only when the moving party demonstrates that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the respondent, entitle the movant to judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Because Lonnie Rentz did not, and could not, demonstrate that he was entitled to judgment as a matter of law on the Browns' claim for negligent construction, the trial court's grant of summary judgment to Lonnie Rentz was erroneous. See *Weir v. McGill*, 203 Ga. App. 431, 432-433 (3) (417 SE2d 57) (1992).

*Judgment affirmed in part and reversed in part. Cooper, J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur in the affirmance of summary judgment to Linda Rentz because she had no involvement whatsoever in the construction of the roof and basement, of which plaintiffs complain, and because there is no evidence that she misrepresented their condition.

As to Lonnie Rentz, appellants do not contend that he is personally liable as a corporate officer. The theory advanced by plaintiffs below was, instead, that he acted individually, as general contractor, and entered into the sales contract individually. There is some evidence of this, such as his signing the sales contract "Lonnie S. Rentz (Seller)" above the typed line "Lonnie S. Rentz (Rentz Buildings, Inc.)"; signing the addendum to the contract virtually the same way; signing both a mortgage document and the amendment to contract to sell merely as "Lonnie S. Rentz" above the typed line "Seller." In ruling on the motion for summary judgment, the trial court concluded that although plaintiffs had an opportunity to pierce the corporate veil, they did not do so. This was the basis for granting summary judgment to Lonnie as an individual.

On appeal, plaintiffs enumerate this judgment as error "in that the trial court found that Lonnie S. Rentz acted as an agent and not

as an individual in the sale and construction of" their home. Their sole argument, and the cases they cite, relate to the piercing of the corporate veil. The theory on which the majority bases its decision was not advanced by appellants and should not be volunteered by the court. We will not even review issues *raised* by appellants in their enumerations of error which are not raised and ruled on by the trial court. *Thornton v. Ware County Hosp. Auth.*, 205 Ga. App. 202, 204 (421 SE2d 713) (1992). Only grounds raised and ruled on below are subject to review at this appellate stage. *James v. State*, 204 Ga. App. 723, 724 (1) (420 SE2d 383) (1992).

Plaintiffs do not seek to impose liability on Lonnie on the theory now imported for them, by the majority, into review of the summary judgment proceeding; this is a practice which reaches beyond the court's review function into the realm of advocacy.

Since there is some evidence that, as stated in a case cited by appellants, "the corporation serve[d] as the alter ego or business conduit of its owner," summary judgment in favor of Lonnie was error. *Derbyshire v. United Builders Supplies*, 194 Ga. App. 840, 844 (2) (a) (392 SE2d 37) (1990). See also *Smith v. Hawks*, 182 Ga. App. 379, 384 (4) (355 SE2d 669) (1987), another case relied on by appellants.

DECIDED MARCH 4, 1994.

*Garner & Still, Dennis T. Still*, for appellants.

*Ray B. Burrus, Jr., Sutherland, Asbill & Brennan, Alfred A. Lindseth, Dulaney L. O'Roark III, King, Taylor & Stovall, James F. Stovall III*, for appellees.