A97A0848. JENNINGS v. SMITH.
(487 SE2d 362)

BLACKBURN, Judge.

Maneola S. Jennings appeals the trial court's grant of summary judgment in favor of Mark A. Smith, Jr., on her claims for negligent construction and fraudulent concealment. For the reasons discussed below, we reverse the trial court's ruling.

In February 1991, Jennings agreed to purchase a house built by Roswell Properties, Inc. Smith was vice-president and 50 percent shareholder of Roswell Properties, and executed the purchase and sale contract on behalf of the corporation.

After closing on the sale of the house, Jennings claims she discovered several structural defects, including a cracking driveway, leaks, and soil erosion near a retaining wall. Jennings also claims that there was severe settlement of the house, cracks and shifting of the walls and floors, a defective deck, and other problems. Jennings

asked Roswell Properties to repair many of these problems, and claims that the repairs were unsatisfactory. Jennings sued Roswell Properties and Smith, asserting claims of negligent construction and fraudulent concealment, and appeals the grant of summary judgment to Smith.[1]

1. Jennings contends that material issues of fact remain as to whether Smith can be held personally liable on the basis that he took part in or supervised the corporation's negligent acts. "[A]n officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor, and an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or cooperated therein." (Punctuation omitted.) *Cherry v. Ward*, 204 Ga. App. 833, 834 (1) (a) (420 SE2d 763) (1992); see also *Brown v. Rentz*, 212 Ga. App. 275, 276 (441 SE2d 876) (1994).

Jennings' claim for negligent construction is based in part upon her contention that Roswell Properties buried construction trash and debris under the property, causing damage to the house and driveway when the soil settled. John Collins, a neighbor, submitted an affidavit stating that he had seen workers, in Smith's presence, dumping trash and construction debris from other construction sites under the area where Jennings' driveway, garage, front porch, and foundations were built. He further stated that, after the debris was covered with dirt, he saw workers construct the driveway, garage, and front portion of the residence over the areas where the debris had been buried. He stated that it appeared Smith was directing the placement of the fill and dirt over the debris.

At his deposition, Smith's attorney challenged many of the details of Collins' affidavit. Collins admitted that the foundation of the house and garage had already been laid when he saw the debris being deposited. However, he reaffirmed the remainder of his affidavit. Although Smith's attorney attempted to discredit Collins by showing that he could not have observed Smith at the property, for purposes of summary judgment all facts must be construed and all reasonable inferences drawn in favor of Jennings.

There was also evidence that Smith supervised and directed repairs to the property. Catherine Hohlstein, a real estate agent, testified that she had seen Smith personally instructing a worker in how to repair a leak in the basement and a crack in the garage floor. Jennings testified that she had seen Smith personally supervising

---

[1] Jennings also asserted claims for breach of contract against Roswell Properties, but not against Smith personally. Roswell Properties did not file a motion for summary judgment and is not a party to this appeal.

workers repairing leaks in the garage walls, repairing cracks and correcting settlement problems in the driveway, constructing the rear deck, and filling sinkholes in the property.

Given this evidence, if a jury found the corporation negligent in constructing or repairing the house, it could also find Smith personally liable for such negligence because he specifically directed or participated in the construction and repairs. See *Brown*, supra, 212 Ga. App. 275 (reversing grant of summary judgment to corporate officer on claim of negligent construction); *Weir v. McGill*, 203 Ga. App. 431, 432-433 (3) (417 SE2d 57) (1992).

Smith's contention that there was no evidence of negligence is without merit. Syd Mostajabi, a project engineer and soils expert who conducted bore samples of the soils around the house, testified that the front porch had partially separated from the house due to inadequate stability of the underlying soils. He further testified that a bore sample revealed organic soils and buried trash underneath the area. He stated that he observed construction debris, uncompacted soils, and voids in the area under the driveway. He testified that backfilling of such area by the contractor would constitute a violation of the applicable building codes.

Ronald Fournier, a civil engineer and expert in home inspection, testified that cracks in the garage and driveway and a sinkhole in the driveway were caused by settlement resulting from inadequate compaction of the soil. He testified that cracks in the masonry veneer in the house were caused by differential settlement. He also testified that the rear deck was constructed with a defective support post foundation in violation of the building code. Accordingly, there was evidence from which the jury could find negligent construction, and the court erred in granting summary judgment to Smith on the negligent construction claim.

2. The trial court also erred in granting Smith's motion for summary judgment with respect to Jennings' claims for fraudulent concealment.

"[F]raud in the sale of real estate may be predicated upon . . . a passive concealment where the seller does nothing to prevent the discovery but simply keeps quiet about a defect which though not readily discernible, is known to the seller. . . . [The seller has] a duty to disclose a defect of which he knows but is aware that the purchaser is ignorant of the condition and which probably would affect the decision of the purchaser to close the transaction." (Punctuation omitted.) *Ben Farmer Realty v. Woodard*, 212 Ga. App. 74, 75 (441 SE2d 421) (1994); see also *Wilhite v. Mays*, 140 Ga. App. 816 (232 SE2d 141) (1976).

As discussed above, there was evidence that Smith personally supervised and directed the dumping of construction debris in the

ground, and failed to reveal this fact to Jennings. The presence of buried debris in the ground is not the type of fact which would be readily discernible by a purchaser. If the jury found that the presence of the debris caused ground settlement contributing to the property damage, it would be authorized to find for Jennings on this claim. Accordingly, the court erred in granting summary judgment to Smith.

*Judgment reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED APRIL 30, 1997.
RECONSIDERATION DENIED JUNE 11, 1997 — ▮▮▮▮▮
▮▮▮▮▮ Before Judge Smith.
*Charles F. Peebles*, for appellant.
*Mark A. Smith III*, for appellee.