A08A0893. DAVE LUCAS COMPANY, INC. et al. v. LEWIS et al.
(666 SE2d 576)

JOHNSON, Presiding Judge.

Pat Lewis and Dwight Lewis (hereinafter "Lewis") sued Dave Lucas and Dave Lucas Company, Inc. (hereinafter "Lucas") for negligent construction of a swimming pool. The jury returned a verdict for Lewis. Lucas appeals, alleging (1) the trial court erred in introducing certain exhibits, (2) Lewis failed to carry his burden of proof to demonstrate a claim for negligent construction, (3) Lewis failed to demonstrate proximate cause, (4) the trial court erred in denying Lucas' motion for directed verdict, and (5) the trial court erred in awarding attorney fees. While we agree with the trial court's rulings on the first four issues, we find merit in Lucas' argument that Lewis failed to sufficiently establish his claim for attorney fees. We therefore reverse as to that issue and remand the case for an evidentiary hearing to establish the appropriate amount of attorney fees to be awarded in this case.

---

[8] OCGA § 15-6-21 (b).

[9] (Citation and punctuation omitted.) *Bonner v. Smith*, 226 Ga. App. 3, 4 (3) (485 SE2d 214) (1997).

1. Lucas contends the trial court erred in allowing into evidence two letters written by Lewis' attorney and sent to Lucas. These letters were written on May 24, 2005 and July 28, 2005. Lucas did not object to the admission of two additional letters written by Lewis' attorney and sent to Lucas on May 11, 2005 and May 16, 2005. According to Lucas, the May 24, 2005 and July 28, 2005 letters were not admissible because they constituted hearsay, were prejudicial, could be characterized as a view to compromise, and contained self-serving statements.[1] We disagree. We review a trial court's decision to admit or exclude evidence only for an abuse of discretion.[2] Here, all four letters establish an attempt by Lewis to get Lucas to respond to the problem with the swimming pool. The trial court did not abuse its discretion in admitting the May 24, 2005 and July 28, 2005 letters into evidence.

(a) Hearsay. Contrary to Lucas' argument, the letters are not hearsay. The letters were not offered for the truth of specific matters contained in the letters. They were offered to show that Lewis had attempted to contact Lucas about the problems with the pool installed by Lucas and to show that these attempts occurred prior to the filing of the lawsuit. As such, the letters were relevant and admissible under OCGA § 24-3-2 to explain conduct and ascertain motives.[3]

In addition, the letters were admissible to establish Lewis' attempts to mitigate his damages by giving Lucas the opportunity to correct the problems that his negligent construction had caused. The letters were also admissible to support Lewis' contention that Lucas had been stubbornly litigious and had caused Lewis unnecessary trouble and expense by forcing him to litigate his rights.[4]

Although Lucas did not author the letters, he testified at trial and had the opportunity to explain the circumstances of the letters and his actions.[5] The trial court did not err in admitting the two letters over this objection.

---

[1] The May 24, 2005 letter states, in part:
You acknowledged that the pool has sunk at one end and that you are going to be responsible for correcting the problem. We agreed that work in correcting the problem will start sometime in late September or early October 2005. Your corrective measures will bring the pool and the pool area back to its pre-sinking problem condition. I appreciate your willingness to acknowledge the problem and to correct it.
The July 28, 2005 letter states, in part, "This letter is a followup to our earlier discussions and your agreement to correct the problems with the Lewis pool."

[2] *Perry v. Perry*, 285 Ga. App. 892, 896 (4) (648 SE2d 193) (2007).

[3] See *Cook Farms, Inc. v. Bostwick*, 165 Ga. App. 692, 694 (3) (302 SE2d 574) (1983).

[4] See *Jordan v. Trower*, 208 Ga. App. 552, 554 (2) (431 SE2d 160) (1993).

[5] See *Harrell v. State*, 241 Ga. 181, 183-186 (1) (243 SE2d 890) (1978).

(b) Prejudicial. The record shows that there was no testimony presented at trial attempting to establish that the contents of the letters were true. In fact, Lucas clearly disputed the contents of the letters, testifying that he accepted no blame or responsibility for Lewis' problems. However, the trial court did not abuse its discretion in determining that the value of the letters to establish the motive and conduct of Lucas outweighed any prejudice Lucas may have suffered by their admission. Lucas' explanation of the letters provided the jury and the court an opportunity to view the credibility of the witness, and credibility goes to the heart of this case.

(c) View to compromise. While the letters show a course of conduct taken by the parties prior to the filing of the lawsuit, they clearly were not offers of compromise and settlement to be excluded under OCGA § 24-3-37. There is no indication in any of the letters that either party was making an offer to compromise. These letters more accurately constituted a response or a demand for settlement, and the trial court correctly ruled that the letters were not inadmissible as offers of compromise.[6]

(d) Self-serving. The trial court properly ruled that the letters were not self-serving statements. Lewis' attorney was simply trying to work out a problem for his client. The contents of the letters are not evidence in the case; rather, the letters were admissible to show Lucas' motive and conduct.

2. Lucas contends Lewis failed to carry his burden of establishing negligent construction because he did not introduce any evidence of the standards for construction or Lucas' deviation from those standards. We disagree.

It is undisputed in this case that the installed swimming pool was placed partially on top of a hole originally dug by Lucas in a location unacceptable to Lewis. The case contains testimony by numerous witnesses, including Lucas and his employees, regarding the fill dirt used under this side of the pool, as well as the actions taken by Lucas to pack this fill dirt. Lucas' expert witness testified that if fill dirt is not properly packed, a pool built on fill dirt could sink. And Lewis' expert testified that a pool will sink if the soil it sits on top of is not firm or compacted. This expert testified as to the importance of properly packing the dirt and how it should be done. He indicated that Lewis' pool was clearly built on fill dirt and informed the jury that he could see the shape of the old pool where the earth had settled. When asked if he was able to determine if the soil under Lewis' pool had been properly compacted, the expert testified that obviously it was not compacted enough. According to

---

[6] See *Jordan*, supra at 553-554 (2).

Lewis' expert, it is not normal for a pool to settle, and if the pool does settle, then it was not properly installed on packed soil.

In addition, Lucas admitted that the compaction of the soil was important. "[I]f the defendant himself testifies that he should have performed and did perform an act which the evidence shows he did not perform, and if causation is shown, the case may become a clear and palpable case of negligence and proof of a professional standard is not required."[7]

> Where a defect is proven which the builder knew or should have known, and that defect is shown to be the cause of damage, actionable negligence has been established . . . and we cannot say such proven negligence should be ignored merely because the plaintiff was able to prove it without the means of the "professional standard."[8]

Here, the evidence presented to the jury showed that soil under a swimming pool needs to be firm and compacted to support the weight of the pool. Evidence further showed that the soil under Lewis' pool was not properly compacted and that this failure caused the pool to sink. The jury had clear and palpable evidence of Lucas' negligence.[9] The jury was able to weigh the credibility of the witnesses and determine the negligence of Lucas based on the evidence. This enumeration of error lacks merit.

3. Lucas contends Lewis failed to carry his burden of showing that the damages to Lewis' pool were caused by any negligent construction done by Lucas. Again, we must disagree.

The determination of proximate cause, except in clear and unmistakable cases, is for determination by the jury.[10] Here, the evidence was sufficient for a jury to find that Lewis' pool sank because of Lucas' failure to compact the soil. This enumeration of error lacks merit.

4. Lucas asserts the trial court erred in denying his motion for directed verdict regarding his personal liability. According to Lucas, there was no evidence showing that he "directed, participated or cooperated in any act that led to the proximate cause of . . . the pool sinking." However, the record in the case shows ample evidence from which the jury could find Lucas personally liable.

---

[7] (Emphasis omitted.) *Hudgins v. Bacon*, 171 Ga. App. 856, 859 (1) (321 SE2d 359) (1984).

[8] (Citation omitted.) Id. at 860-861 (1).

[9] See *Bilt Rite of Augusta, Inc. v. Gardner*, 221 Ga. App. 817, 817-819 (472 SE2d 709) (1996).

[10] See *Beasley v. A Better Gas Co.*, 269 Ga. App. 426, 427-428 (1) (604 SE2d 202) (2004); *Coweta County v. Adams*, 221 Ga. App. 868, 871 (2) (473 SE2d 558) (1996).

"An officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor."[11] In the present case, the evidence shows that (1) Lucas personally dug the hole for both pools in Lewis' yard, (2) all five checks for work done were made payable individually to Lucas, (3) at the time of the pool installation, Lucas was an officer and employee of Dave Lucas Company, Inc., (4) Lucas personally backfilled the pool and got it ready for concrete, (5) Dave Lucas Company employees and Lewis testified that Lucas personally worked on the job, and (6) Dave Lucas Company employees and Lewis testified that Lucas supervised the work done on the pool and told employees what work needed to be done. This evidence was sufficient for a rational trier of fact to find Lucas personally liable for negligent construction of the pool, and the trial court did not err in denying Lucas' motion for directed verdict on this issue.[12]

5. Lucas contends the trial court erred in awarding attorney fees and costs under OCGA § 9-15-14 (b). OCGA § 9-15-14 (b) allows a court, in its discretion, to award attorney fees and expenses of litigation if the court

> finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct.

An action "lacks substantial justification" if it is "substantially frivolous, substantially groundless, or substantially vexatious."[13]

In the present case, the trial court did not abuse its discretion in finding that Lucas' defense lacked substantial justification. And, contrary to Lucas' contention, a review of the trial court's order shows that the trial court did set out specific facts supporting its finding that Lucas' defense lacked substantial justification. These findings included the following facts: Lucas' actions caused the pool, concrete decking, steps, vinyl liner and other aspects of the pool and surrounding area to become damaged, Lucas "did not correct the problems or damages of the improperly installed pool," and even the

---

[11] (Citations and punctuation omitted.) *Jennings v. Smith*, 226 Ga. App. 765, 766 (1) (487 SE2d 362) (1997).

[12] See id. at 766-767; see also *Brown v. Rentz*, 212 Ga. App. 275, 276-277 (2) (441 SE2d 876) (1994) (reversing grant of summary judgment to corporate officer on claim of negligent construction).

[13] OCGA § 9-15-14 (b).

jury inquired during deliberations whether it could award Lewis more damages than Lewis requested and whether it could award attorney fees to Lewis. These findings are supported by the evidence in the case, and we will not disturb the trial court's discretion in making the award pursuant to OCGA § 9-15-14 (b).[14]

However, an award of attorney fees and costs under Georgia law can only be authorized if there is sufficient proof of the actual costs and the reasonableness of those costs.[15] In the present case, Lewis' counsel filed the motion for attorney fees and expenses of litigation pursuant to OCGA § 9-15-14, and attached a sworn affidavit and exhibit generally describing the time and expenses expended during the case. Lewis' counsel reaffirmed his affidavit and stated in his place the facts contained in the affidavit. He also stated that the time listed in the affidavit was for approximately ten hours less than the actual time he expended on the case, and he stated that his hourly rate is reasonable and appropriate for an attorney who has practiced twenty-five years in Atlanta.

Lewis' attorney, however, did not offer any further breakdown of the time he expended, and the time sheet attached to the affidavit does not break down the time by hours expended or provide any detailing regarding the activities conducted by the attorney. Instead, the time sheet is merely a half-page summary of 49 hours spent by the attorney in "various conferences and telephone calls," "sending and receiving various letters and telephone calls," "preparation of the Pre Trial Order," "trial preparation," "trial of the case," etc. This summary is particularly inadequate in view of Lewis' withdrawal of claims at the trial.

Lewis withdrew his request for punitive damages after Lucas moved for a directed verdict on that claim following Lewis' presentation of his case to the jury. In addition, at the conclusion of the trial, Lewis withdrew his contract claims. The broad statements in Lewis' attorney's affidavit "fail to demonstrate the function or substance of the task with sufficient particularity to permit the court to distinguish between time and expenses attributable to [Lewis' successful negligence] claim and time and expenses attributable to [his withdrawn] claims."[16]

"A determination of the amount of an award of attorney fees cannot be based on guesswork."[17] Here, the state of the evidence is insufficient to support the award made. Because Lewis failed to

---

[14] Compare *Johnston v. Correale*, 285 Ga. App. 870, 870-871 (1) (648 SE2d 180) (2007).
[15] See *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606) (1993).
[16] Id.
[17] Id.

prove the value of his attorney fees on his successful negligence claim with the requisite degree of certainty, the trial court's judgment as to those fees must be vacated. The case is remanded for an evidentiary hearing to establish the amount of attorney fees related solely to the prevailing claim Lewis is entitled to recover. The judgment in favor of Lewis on the negligent construction claim is affirmed.

*Judgment affirmed in part, reversed in part and case remanded with direction. Barnes, C. J., and Phipps, J., concur.*

DECIDED JULY 24, 2008 —
RECONSIDERATION DENIED AUGUST 14, 2008.

*Sheryl D. Fambrough,* for appellants.
*Alexander, Royston, Hardman & Shinall, R. Phillip Shinall III,* for appellees.