A10A1429. ALEXANDER et al. v. HULSEY ENVIRONMENTAL SERVICES, INC. et al.
A10A1430. LHR FARMS, INC. v. ALEXANDER et al.
(702 SE2d 435)

JOHNSON, Judge.

Darren Alexander and others sued LHR Farms, Inc., Hulsey Environmental Services, Inc. (HES), John Hulsey, Jr., and Devin White, claiming that they operate a waste disposal facility which constitutes a nuisance. LHR, HES, Hulsey and White moved for summary judgment. After a hearing, the trial court entered an order denying summary judgment to LHR, but granting summary judgment to HES, Hulsey and White. Alexander and the other plaintiffs appeal from the grant of summary judgment in Case No. A10A1429, and LHR cross-appeals from the denial of its motion in Case No. A10A1430. In Case No. A10A1429, we affirm in part and reverse in part, and in Case No. A10A1430 we affirm.

*Case No. A10A1429*

1. HES, Hulsey and White contend that this direct appeal is improper because it is actually from the grant of their motion to dismiss for failure to state a claim, and not from a grant of summary judgment. The motion which they filed in the trial court was a motion to dismiss or, alternatively, for summary judgment. There were affidavits attached to the motion, and it is apparent from the record that the trial court considered material beyond the pleadings in ruling on the motion. Because evidence outside the pleadings was

considered, the motion was "required to be treated as [one] for summary judgment (OCGA § 9-11-12 (b)), and the losing party has the right to a direct appeal from an order granting . . . summary judgment. OCGA § 9-11-56 (h)."[1]

2. The appellants contend that the trial court erred in granting summary judgment to HES, Hulsey and White.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We use a de novo standard of review on appeal from a grant of summary judgment, and view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.[2]

Hulsey, who is the chief executive officer of LHR, and White, who manages the LHR site, argue that the trial court correctly granted summary judgment to them because as an officer and an employee they cannot be held vicariously liable for the torts of the corporation. However, this argument ignores the actual complaint of the appellants, who plainly acknowledge that they are not attempting to pierce the corporate veil or hold Hulsey and White liable for the acts of LHR. Instead, they claim that Hulsey and White are personally liable because of their own tortious acts.[3]

> The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie. A nuisance is anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance.[4]

Here, the appellants claim that the operation of a waste disposal facility on LHR's site is a nuisance. They allege that LHR accepts human and commercial waste from various sources, that it processes the waste and sprays the resulting wastewater into the air through a sprinkler system, and that the waste disposal operation generates

---

[1] *City of Demorest v. Town of Mount Airy*, 282 Ga. 653, 654, n. 1 (653 SE2d 43) (2007).

[2] (Citations omitted.) *Kaplan v. City of Sandy Springs*, 286 Ga. 559, 560 (1) (690 SE2d 395) (2010).

[3] Compare *Pazur v. Belcher*, 290 Ga. App. 703, 705 (1) (659 SE2d 804) (2008) (appellant failed to distinguish an officer's liability for torts he personally participated in from his liability for corporate debts due to a piercing of the corporate veil).

[4] (Citations and punctuation omitted.) *Roberts v. Southern Wood Piedmont Co.*, 173 Ga. App. 757, 758 (1) (328 SE2d 391) (1985). See also OCGA § 41-1-1.

offensive odors and attracts pests, which damage the appellants' ability to use and enjoy their nearby properties.

The appellants further claim that Hulsey and White are personally liable for the nuisance because they have supervised, directed, and participated in the waste disposal operation. Construed in favor of the appellants, there is at least some evidence in the record that creates genuine issues of material fact as to whether Hulsey and White did indeed actively direct and participate in the alleged nuisance by, among other things, approving the waste that is disposed of on the site and personally operating the sprinkler system that sprays wastewater into the air.

"Given this evidence, if a jury found the corporation [liable for operating a nuisance], it could also find [Hulsey and White] personally liable for such [nuisance] because [they] specifically directed or participated in [it]. [Cits.]"[5]

> An officer or agent of a corporation is liable in damages for injuries suffered by third persons because of his torts, regardless of whether he acted on his own account or on behalf of the corporation, and regardless of whether or not the corporation is also liable. He can not escape liability on the ground that in committing the tort he acted as an officer or agent of the corporation, or on the ground that the corporation may also be sued. [Cit.] . . . A corporation is an artificial person and can only act through its directors, officers, agents, and servants. . . . The tortious [officer,] agent and the corporation for whom [they are] acting when the tort is committed can be sued in the same action jointly. [Cits.][6]

Because there are genuine issues of material fact as to the liability of Hulsey and White, the trial court erred in granting summary judgment to them, and that portion of the trial court's order must be reversed.

3. As for HES, it is a customer which brings waste material to the LHR site for disposal. As a customer, it does not direct or control any conduct of the waste disposal operation. The appellants' reliance on *Citizens & Southern Trust Co. v. Phillips Petroleum Co.*[7] is misplaced. Unlike the instant case, that case involved a gasoline supplier that was not entitled to summary judgment because there

---

[5] *Jennings v. Smith*, 226 Ga. App. 765, 767 (1) (487 SE2d 362) (1997).

[6] *Coffer v. Bradshaw*, 46 Ga. App. 143, 146-147 (167 SE 119) (1932). See also OCGA § 10-6-85 (all agents are responsible for their own tortious acts).

[7] 192 Ga. App. 499 (385 SE2d 426) (1989).

was a genuine issue of material fact as to whether it deposited gasoline into underground storage tanks with actual knowledge that the tanks were defective.[8]

As the trial court in this case correctly noted in granting summary judgment to HES, there is no evidence of any damage proximately caused by HES.

> Causation is an essential element of nuisance, trespass, and negligence claims. To establish proximate cause, a plaintiff must show a legally attributable causal connection between the defendant's conduct and the alleged injury. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.[9]

Accordingly, the trial court's grant of summary judgment to HES is affirmed.

### Case No. A10A1430

4. LHR contends that it is entitled to summary judgment because the appellants' nuisance action is barred by OCGA § 41-1-7. The purpose of this code section

> is to conserve and protect and encourage the development of farm land and the agricultural resources of this state. . . . Recognizing that the advent of what is commonly called urban sprawl into what have traditionally been agricultural areas often subjects agricultural operations to nuisance suits by the new landowners, the legislature undertook to protect certain existing agricultural facilities from such lawsuits.[10]

(Punctuation omitted.) Contrary to LHR's claims, the trial court correctly found that its site is not an agricultural facility that is

---

[8] Id. at 500-501 (4).

[9] (Citations and punctuation omitted.) *Lore v. Suwanee Creek Homeowners Assn.*, 305 Ga. App. 165, 172 (2) (699 SE2d 332) (2010).

[10] *Herrin v. Opatut*, 248 Ga. 140, 141 (281 SE2d 575) (1981).

protected by the statute. Rather, LHR operates a waste disposal facility, and as the trial court correctly ruled, OCGA § 41-1-7 "does not extend to protect the commercial receipt, storage and treatment of septage and grease."[11] Because there are genuine issues of material fact as to whether LHR's operation constitutes a nuisance which has damaged the appellants, the trial court correctly denied summary judgment to LHR.

*Judgment affirmed in part and reversed in part in Case No. A10A1429. Judgment affirmed in Case No. A10A1430. Miller, C. J., and Phipps, P. J., concur.*

DECIDED SEPTEMBER 13, 2010 —
RECONSIDERATIONS DENIED OCTOBER 14, 2010 — 

*Andrews, Knowles & Princenthal, Craig C. Knowles, Adam P. Princenthal, Williams, Morris & Waymire, Gary K. Morris, Hulsey, Oliver & Mahar, R. David Syfan, Donald D. J. Stack, Stanley R. Lawson,* for appellants.

*Krevolin & Horst, Barbara H. Gallo, Alfred W. Chang,* for appellees.

---

[11] See *Roberts v. Southern Wood Piedmont Co.*, supra at 759 (2) (processing of untreated logs into utility poles not an agricultural operation protected by OCGA § 41-1-7).