**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 29, 2026

# In the Court of Appeals of Georgia

A26A0574. FREEMAN v. CHISHOLM et al.

DAVIS, Judge.

In this action alleging a breach of fiduciary duty by a law firm, Walter J. Freeman appeals from the trial court's order granting Bouhan Falligant, LLP partner Elise Robinson Chisholm's motion to dismiss. Freeman also seeks review of the trial court's grant of a protective order preventing him from deposing the City Attorney for the City of Savannah, Georgia. For the following reasons, we reverse the dismissal of the claims against Chisholm, but we affirm the grant of the protective order.

We review de novo a trial court's ruling on a motion to dismiss for failure to state a claim upon which relief may be granted. *TMX Finance, LLC v. Goldsmith*, 352 Ga. App. 190, 190 (883 SE2d 317) (2019).

The well-established test that must be satisfied before a motion to dismiss can be granted is a demanding one: A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. [C]omplaints do not have to allege facts sufficient to set forth a cause of action and are no longer to be construed most strongly against the pleader. And it is no longer necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. And any doubts regarding the complaint must be construed in favor of the plaintiff.

*Norris et al., v. Atlanta Braves, Inc.*, 376 Ga. App. 663, 665-66 (920 SE2d 717) (2025) (quotation marks omitted).

On appeal from a trial court's ruling on discovery matters, such as the granting of a protective order preventing a deposition, we will not reverse the ruling absent a clear abuse of discretion. *Norfolk S. Ry. Co. v. Hartry*, 316 Ga. App. 532, 533 (729 SE2d 656) (2012).

So viewed, the record shows the following. Chisholm is a partner at the law firm Bouhan Falligant, LLP. On behalf of Bouhan Falligant, Chisholm also acts as general

counsel for Ships of the Sea, Inc., which operates the Ships of the Sea Maritime museum in downtown Savannah, Georgia. Freeman is a longtime client of Bouhan Falligant. Around March 29, 2022, Freeman sought advice from Bouhan Falligant concerning the validity and enforceability of a covenant on a piece of property he was interested in purchasing. The property was previously owned by Ships of the Sea, and the covenant in question provided that "no exterior alterations shall be made to the subject property without prior written approval from Ships of the Sea, Inc. including garden fencing, paint colors, shutters and light fixtures…. This covenant shall run with the land."[1]

Freeman contends that in response to his inquiry about the covenant, Bouhan Falligant attorney Harris Martin advised him that the covenant was not valid or enforceable. In 2021 and early 2022, another potential buyer had been interested in purchasing the property and, believing the covenant was valid and enforceable, engaged in extensive negotiations with Ships of the Sea and Chisholm, as Ships of the Sea's general counsel. Because Ships of the Sea would not consent to the changes, the potential buyer withdrew their offer on March 25, 2022. Relying on Martin's advice

---

[1] In 1996, Sydney J. Bolch, III and Ellen B. Bolch acquired the property at issue from Ships of the Sea, and this covenant was included in that warranty deed.

that the covenant was not enforceable, on May 6, 2022, Freeman contends that he purchased the property, obtained permits from the City of Savannah, and began construction of a pool on the property without seeking permission from Ships of the Sea. Freeman further contends that after he began construction on the pool, Chisholm, acting in her capacity as general counsel for Ships of the Sea, (1) lobbied city officials to shut down construction of the pool based on the covenant; (2) advised Ships of the Sea to sue Freeman for breach of the covenant, which it did; (3) lobbied Freeman's neighbors to join the Ships of the Sea litigation as co-plaintiffs and assert claims for private nuisance and punitive damages; (4) and solicited several thousand dollars in donations from third parties to finance the plaintiffs' attorneys fees in the litigation against Freeman. The City issued a stop-work order on October 17, 2023, and Freeman's building permit was revoked.[2] After the stop-work order, Freeman contends that Chisholm met with Savannah's City Attorney, Bates Lovett, to discuss litigation strategy concerning Freeman's pool.

On December 11, 2024, Freeman filed the instant complaint and demand for a jury trial in Chatham County Superior Court alleging that Bouhan Falligant, and

---

[2] Freeman is currently appealing the permit revocation in Chatham County Superior Court.

4

Chisholm, as an individual, breached fiduciary duties owed to him and that Bouhan Falligant engaged in legal malpractice. Freeman also filed a notice of intent to depose Lovett. On January 27, 2025, Chisholm moved to dismiss Freeman's breach of fiduciary duty claim against her. Lovett moved for a protective order and objected to Freeman's inspection or copying of materials, which the trial court granted.

Following a hearing, the trial court granted Chisholm's motion to dismiss. The trial court concluded that Freeman's breach-of-fiduciary-duty claim against Chisholm failed because the two did not have an attorney-client relationship. We granted Freeman's application for interlocutory review.[3]

1. Freeman first argues the trial court erred in dismissing his suit against Chisholm. We agree because at the motion to dismiss stage, we are to construe the allegations in the pleadings most favorably to Freeman, and resolve all doubts regarding such pleadings in Freeman's favor.

A breach of fiduciary duty is a tort claim, *Wright v. Apt. Inv. and Mgmt. Co.*, 315 Ga. App. 587, 591(1)(b) (726 SE2d 779) (2012), and "requires proof of three elements:

---

[3] We note that, after the trial court's orders in this case, the trial court in the underlying breach of covenant litigation granted summary judgment to Freeman, concluding that the covenant was unenforceable and had expired. That order is currently on appeal in this Court in Case No. A26A1814.

(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." *Schinazi v. Eden*, 338 Ga. App. 793, 798(3) (792 SE2d 94) (2016).[4] A fiduciary or confidential relationship arises where one party is so situated to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith[.]" Id. at 592(2)(a). "This court has previously held that a lawyer had fiduciary duties to be loyal to his client, to exercise the utmost good faith to him, to apply his best skill, zeal, and diligence in representing him and to avoid interests or actions that were incompatible with his client's." *Nash v. Studdard*, 294 Ga. App. 845, 850(2) (670 SE2d 508) (2008) (quotation marks omitted). And this fiduciary relationship can exist between a client and the law firm as a whole. See *R. W. Holdco, Inc. v. Johnson*, 267 Ga. App. 859, 864(1)(a)(601 SE2d 177) (2004) ("Of course, [the law firm's] legal representation of Holdco created a fiduciary relationship between them."); *David C. Joel, Att'y at Law, P.C. v. Chastain*, 254 Ga. App. 592, 595(1) (562 SE2d 746) (2002) ("As Chastain's legal representative, Joel's P.C. had

---

[4] To the extent Chisholm argues a breach of fiduciary duty claim is so distinct from other torts they are not capable of comparison, that argument is unavailing. There is nothing that Chisholm points to, nor that we have found, that prohibits a comparison between breach of fiduciary duty and other torts.

a fiduciary relationship with its client."). See also *Henderson v. HSI Fin. Servs., Inc.*, 266 Ga. 844, 845(1) (471 SE2d 885) (1996) (lawyers practicing in a professional corporation still owe a duty to clients and remain personally liable to them for acts of professional negligence, and "the professional corporation is liable for the malpractice of its members to the extent of its corporate assets").

> An officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor, and an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or cooperated therein.

*Jennings v. Smith*, 226 Ga. App. 765, 766 (487 SE2d 362) (1997); accord *Woodstone Townhouses v. Southern Fiber Worx*, 358 Ga. App. 516, 536(5)(d) (855 SE2d 719) (2021) (applying this rule to an officer of an LLC).

Here, Chisholm argues she cannot be held personally liable for Bouhan Falligant's breach of fiduciary duty because she never owed any duty to Freeman since she never personally represented him. But Bouhan Falligant did owe a duty to its client Freeman, and as a partner in the LLP, Chisholm's alleged actions directly caused the firm to breach its duty to Freeman. Had Chisholm owed no duty to Freeman, and another partner in the firm took actions that breached the firm's duty

to Freeman, Chisholm would not be personally liable for that breach of duty – because Chisholm neither owed the duty nor did she participate in causing the breach. See *Jennings*, 226 Ga. App. at 766 ("an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable"). But because Chisholm is a partner in the firm, and the firm owed a fiduciary duty to Freeman, and it is alleged that Chisholm directed the actions that caused the breach of duty, Chisholm can be held personally liable. See id. ("an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable *unless he specifically directed the particular act to be done or participated or cooperated therein*") (emphasis supplied). If a jury found Bouhan Falligant liable for breaching its fiduciary duty to Freeman, it could also find Chisholm personally liable for such a breach if the jury further finds she specifically directed or participated in the breach of fiduciary duty. *Alexander v. Hulsey Env't Servs., Inc.*, 306 Ga. App. 459, 461(2) (702 SE2d 435) (2010) (defendants, the CEO and site manager of a corporation, could be personally liable for nuisance because they supervised, directed, and participated in the operation that caused the nuisance).

We acknowledge that in reaching its decision to grant Chisholm's motion to dismiss, the trial court relied on *Smith v. Morris Manning & Martin, LLP*, 293 Ga. App. 153, 162-63(2) (666 SE2d 683) (2008) (physical precedent only). *Smith* held that because there was no evidence that the individual attorneys were representing the plaintiffs at the time those attorneys took actions that contravened the plaintiffs' interests, those attorneys could not be individually liable. Id. But *Smith* is distinguishable on its facts and provides no basis to support the trial court's order.[5] There was no allegation in *Smith* that the individual attorneys were officers or partners of the law firm in question that could be personally liable for the law firm's actions that breached the fiduciary duties owed to the client. See id. at 154-59. Moreover, in *Smith*, the court did not reference any case law or statute on which it based this holding. Id. Thus, the reasoning of *Smith* does not prevent our conclusion that an individual attorney-partner in a law firm, who does not have an attorney client relationship with a client of the firm, can nevertheless be personally liable for actions she takes which cause the firm to breach the fiduciary duty owed to the client. See

---

[5] We note, of course, that since the holding of *Smith* is physical precedent only, it is persuasive, but not binding, authority on this Court. Court of Appeals Rule 33.2(a)(2).

9

*Jennings*, 226 Ga. App. at 766 ("an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable *unless he specifically directed the particular act to be done*.") (emphasis added).

Further, finding that an attorney-partner can be personally liable for directing an act which causes the firm to breach a fiduciary duty is consistent with the Georgia Rules of Professional Conduct and imputed disqualification. "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by [Rule 1.7]." Georgia Rules of Professional Conduct Rule 1.10(a). Rule 1.7 provides that, "[a] lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client[.]" Georgia Rules of Professional Conduct Rule 1.7(a).

A duty was owed to Freeman by Bouhan Falligant, and if a jury further determines that Chisholm, as a partner at Bouhan Falligant, caused the firm to breach its duty to Freeman by representing an adverse party and directly opposing the interests for which he sought counsel from Bouhan Falligant through acts such as

10

lobbying city officials to shut down construction of Freeman's pool, advising Ships of the Sea to sue Freeman, lobbying Freeman's neighbors to join the Ships of the Sea litigation as co-plaintiffs, and soliciting donations from third parties to finance the plaintiffs' attorneys fees in the litigation against Freeman then Chisholm, who allegedly directed the actions which caused the breach of duty to Freeman, can be held personally liable. *Jennings*, 226 Ga. App. at 766. Because Freeman stated a claim for relief against Chisholm, we reverse the trial court's denial of the motion to dismiss.

2. Next, Freeman argues the trial court erred in granting Lovett's motion for a protective order. We discern no error.

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" OCGA § 9-11-26(b)(1). Communications between attorney and client are confidential communications excluded from evidence on public policy grounds. OCGA § 24-5-501(a)(2). See also, *Royal Texas, LLC v. Cajun Glob., LLC*, 376 Ga. App. 601, 601 (920 SE2d 471) (2025) ("The attorney-client privilege is a cornerstone of the rule of law with roots tracing back to the Roman Empire.").

> This Court and the Supreme Court of Georgia generally review a grant or denial of a motion for protective order using the abuse of discretion

standard of review. The appellate courts also generally review for an abuse of discretion a decision as to discovery matters, including the application of a privilege.

*Advantage Behavioral Health Systems v. Cleveland et al.,* 350 Ga. App. 511, 517-18(2) (829 SE2d 763) (2019) (citation modified).

Here, Lovett, in his capacity as City Attorney, represents the City of Savannah in Freeman's appeal of the city's revocation of Freeman's work permits for the construction of his pool. Lovett asserted that any relevant testimony he could give will involve factual and legal matters that are at issue in the pending revocation appeal and would be protected under the attorney work-product doctrine. The trial court granted Lovett's motion for protective order until a resolution of the pending revocation appeal. We discern no abuse of discretion in the trial court's decision to issue a limited protective order until resolution of the revocation appeal.

See OCGA § 9-11-26(b)(1); see also, *Vaughn & Co. v. Saul*, 143 Ga. App. 74, 80(4) (237 SE2d 622) (1977) ("Historically it has been the policy of Georgia appellate courts not to interfere with the trial judge's broad discretion granted to him under the discovery provisions of the Civil Practice Act.").

*Judgment affirmed in part, and reversed in part. Doyle, P. J., and Senior Judge C. Andrew Fuller concur.*