A04A1584. BEASLEY et al. v. A BETTER GAS COMPANY, INC. et al.

(604 SE2d 202)

ELLINGTON, Judge.

Rachel Beasley and the other surviving children of Sara White (collectively, "Beasley") filed a wrongful death action against A Better Gas Company, Inc., Raymond Jones, George Louis Franklin, Larry O. Tolbert, and Junior Dowell (collectively, the "defendants"). The defendants filed a motion for summary judgment, arguing Beasley failed to carry her burden of proof on the issue of causation. In addition, Raymond Jones, the president of Better Gas, individually argued that he was not personally involved in the transaction and that, as an officer of a corporate entity, he cannot be held personally liable for the negligence of other corporate employees. The trial court granted both motions, and Beasley appeals. For the reasons set forth below, we reverse the trial court's grant of defendants' motion for summary judgment on the issue of causation, but we affirm the grant of summary judgment to Jones.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt,* 232 Ga. App. 680, 682 (1) (503 SE2d 581) (1998).

1. Beasley contends the trial court erred in finding that she failed to produce evidence from which a jury could find that the defendants' alleged negligence was the proximate cause of the fire which injured White. We agree.

In order to prevail on her negligence claims, Beasley must show:

(1) A duty, or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks. (2) A failure on [her] part to conform to the standard required. (3) A reasonable close causal connection between the conduct and

the resulting injury. (4) Actual loss or damage resulting to the interests of the other.

(Citation and punctuation omitted.) *Lau's Corp.*, 261 Ga. at 492.

Viewed in the light most favorable to Beasley, the evidence shows that on September 5, 1996, Tolbert and Dowell, employees of Better Gas, "set" a tank of propane gas at White's residence. They went inside to examine heaters and appliances, and Tolbert found a small heater in the bathroom that did not have a safety pilot. Tolbert told White that the heater was not an approved appliance, and she authorized him to remove it. Tolbert removed the heater from the line and sealed the line with a brass plug, leaving approximately five inches of pipe protruding up from the bathroom floor. Tolbert then hooked up the propane tank and tested the system for leaks. Franklin acted as Tolbert and Dowell's supervisor.

Two years later, on October 5, 1998, White was fatally injured in a fire in her home; she died on May 9, 1999. The fire occurred when propane gas accumulated inside the house and was ignited by burner flames from a wall heater in the living room. Beasley alleged that the source of the gas was a leak in the bathroom pipe. For purposes of summary judgment, the defendants do not challenge this contention.

According to Douglas Buchan, an expert in the propane gas industry, industry standards would have only allowed a wall-mounted heater in the bathroom, with the gas line running directly through the wall to the heater. Thus, according to Buchan, the pipe coming through the floor of the bathroom could never have been properly connected to any appliance, and Better Gas employees should have removed the gas line in the bathroom. Buchan further deposed that industry standards required a propane tank installer to perform a "complete gas check," and that such a standard safety check in this case would have identified the "improperly installed gas line through a prohibited location."

Timothy Dunn, a fire safety engineer, deposed that "Better Gas was negligent in allowing an unsecured, unfastened gas line sticking out of a bathroom floor 4 or 5 inches" and that the line should have been cut and capped under the floor where it would not be exposed. Dunn further averred that Better Gas employees capped the pipe "above the bathroom floor level in violation of code provisions of the National Fire Protection Association. In this exposed and unconnected position, the pipe was vulnerable to being bumped or struck and damaged and, in [his] opinion, did sustain such damage resulting in a leak which became the fuel source for the fire." As evidence of such damage, Dunn identified a chip on the "flare" or lip of the pipe.

Questions of proximate cause are usually reserved for the jury. *Georgia Pipe Co. v. Lawler*, 262 Ga. App. 22, 26 (2) (584 SE2d 634)

(2003). However, the question "may be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion, that the defendant's acts were not the proximate cause of the injury." (Citation and punctuation omitted.) *Atlanta Gas Light Co. v. Gresham*, 260 Ga. 391, 393 (4) (394 SE2d 345) (1990).

> In determining what is proximate cause the true rule is, that the injury must be the natural and probable consequence of the negligence, such a consequence as under the surrounding circumstances of the case might and ought to have been foreseen by the wrong-doer as likely to flow from his act. The injury must be the direct result of the misconduct charged; but it will not be considered too remote if, according to the usual experience of mankind, the result ought to have been apprehended.

(Citation and punctuation omitted.) *Cope v. Enterprise Rent-A-Car*, 250 Ga. App. 648, 651 (2) (551 SE2d 841) (2001).

The evidence in this case, viewed most favorably to Beasley, would allow a jury to find that Better Gas employees negligently left the gas line exposed in White's bathroom, that the line was subsequently damaged, and that the damage led to a gas leak which fueled the fire. The damage to the line occurred after the defendants' allegedly negligent installation, and thus is an intervening act between defendants' alleged negligence and White's injuries. See id. at 652 (2) (criminal attack on the plaintiff was an intervening cause following the defendant car rental company's alleged negligence in maintaining its vehicles). However, Georgia law allows a defendant to be held liable if a jury could find that the defendant could have reasonably anticipated or foreseen as a consequence of its original negligence the intervening act which caused the plaintiff's injuries.

> While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act.

(Citation and punctuation omitted.) *Blakely v. Johnson*, 220 Ga. 572, 574-575 (140 SE2d 857) (1965). As the evidence in this case would allow a jury to conclude that the natural and probable consequence of leaving a gas line in an exposed and unconnected position in White's bathroom was that the gas line would be damaged, the question of proximate cause should be submitted to a jury.[1] Accordingly, we reverse the trial court's grant of summary judgment to Better Gas, Franklin, Tolbert, and Dowell. For the reasons given in Division 2, infra, however, we affirm the grant of summary judgment in favor of Jones.

2. Beasley contends the trial court erred in granting summary judgment to Jones, arguing she sued Jones for his own negligence and not on account of his position as president of Better Gas. We disagree.

The general rule is that

> an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor, and an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or co-operated therein.

(Citation and punctuation omitted.) *Cherry v. Ward*, 204 Ga. App. 833, 834 (1) (a) (420 SE2d 763) (1992). Where "the evidence is insufficient to pierce the corporate veil . . . the liability of the corporate officers for a tort committed by the corporation is dependent upon separate evidence of direct participation in the tort." (Citation and emphasis omitted.) *Speir v. Krieger*, 235 Ga. App. 392, 400 (4) (509 SE2d 684) (1998).

Beasley does not seek to pierce the corporate veil. Nor does Beasley point to any evidence that Jones participated in the capping of the gas pipe in White's bathroom or that he personally supervised or otherwise specifically directed Better Gas employees in their actions at the White residence. Rather, Beasley contends that Jones

---

[1] In addition to arguing the evidence, the defendants also rely heavily on *Royal v. Ferrellgas, Inc.*, 254 Ga. App. 696 (563 SE2d 451) (2002). While there are some similarities between *Royal* and this case in that the plaintiff was injured in a gas fire and the defendant supplier had been in the facility two years before the fire, *Royal* is factually distinguishable. The evidence in *Royal* showed the fire was caused by gas flowing from an open and uncapped gas line, and no evidence was presented that the defendants could have known of such condition inasmuch as the line was capped the last time employees of the defendants were in the facility. Id. at 700-702 (1) (b). Here, a jury could conclude that the gas line was capped at the time of the fire, but was otherwise leaking due to damage sustained after being left in an unsafe condition by Better Gas employees.

was personally charged with responsibility for developing, implementing, and monitoring compliance with safety procedures and policies in order to protect Better Gas's customers, and that he breached that duty by negligently failing to adopt proper training materials and procedures and failing to properly train Better Gas employees. The inference Beasley wants the jury to draw is that had the employees received proper training they would not have left the pipe in an exposed position.

Although an injured party may sustain a claim *against a corporation* for negligently training an employee, see, e.g., *Ledbetter v. Delight Wholesale Co.*, 191 Ga. App. 64, 69 (2) (380 SE2d 736) (1989), Beasley identifies no authority, and we have found none, for the proposition that a corporate officer responsible for training procedures may be held liable for an injury to a third party arising out of an alleged failure by the officer to properly train a corporate employee. Cf. *Jennings v. Smith*, 226 Ga. App. 765, 767 (1) (487 SE2d 362) (1997) (corporate officers personally supervised the site of allegedly negligent construction); *Brown v. Rentz*, 212 Ga. App. 275, 277 (2) (441 SE2d 876) (1994) (accord); *Towt v. Pope*, 336 P2d 276, 282 (Cal. App. 1959) (affirming nonsuit against employee injured in an industrial accident who sued corporate officer on grounds that the officer failed to instruct the employee relative to safety, noting that, in the absence of active participation in an act of misfeasance, generally an officer of a corporation is not personally liable to a third person for nonfeasance).

In this case, Jones's alleged failure to provide proper training to Tolbert and Dowell is not a sufficiently direct participation in a tort leading to White's injuries to expose Jones to personal liability under Georgia law. Accordingly, the trial court's grant of Jones's motion for summary judgment must be affirmed. *Ceasar v. Shelton*, 266 Ga. App. 271 (596 SE2d 755) (2004).

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Miller, J., concur.*

DECIDED AUGUST 5, 2004 —
RECONSIDERATION DENIED SEPTEMBER 2, 2004 —

*Edmond & Jones, Craig T. Jones, David W. Boone, Simone R. Siex, Robert E. Richardson, William S. Stone*, for appellants.

*Carr, Tabb, Pope & Freeman, W. Pitts Carr, Render C. Freeman, Hawkins & Parnell, Emory L. Palmer*, for appellees.