**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 18, 2016**

# In the Court of Appeals of Georgia

A16A1165. BARNES v. SMITH.

MILLER, Presiding Judge.

Deena Barnes filed suit against DLN Enterprises, Inc. ("DLN"), owner of Hank & Jerry's Tavern (the "Tavern") in Rockdale County, as well as DLN's sole shareholder, Richard Smith, to recover for injuries she sustained after being involved in a car accident with an intoxicated patron of the Tavern. Barnes brought claims pursuant to Georgia's Dram Shop law, OCGA § 51-1-40, as well as claims for negligent training and supervision, and for punitive damages. Smith moved for summary judgment on the ground that there was no basis to pierce the corporate veil to find him personally liable for torts allegedly committed by DLN. The trial court granted summary judgment to Smith, and Barnes appeals, contending that her claims

for negligent training and supervision provide a basis to hold Smith individually liable.[1] We disagree and, accordingly, affirm.

> On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law.

(Citation omitted.) *Agnes Scott College, Inc. v. Clark*, 273 Ga. App. 619, 620 (616 SE2d 468) (2005).

So viewed, the record shows that on November 19, 2012, Cyrus Scott Knight was briefly at the Tavern in the afternoon, when he drank a beer and a Jagermeister shot. He returned to the Tavern around 11:00 p.m. and drank half of a beer and about one-and-a-half "Jager bomb" drinks.

The night bartender was the supervisor of the Tavern on the night of the accident. She noticed that Knight's eyes were glossy, and he was belligerent. The

---

[1] It does not appear from the record that DLN moved for summary judgment on the claims Barnes asserted against it. Based on the record before us, the trial court did not reach the merits of the claims against DLN. Where the trial court has not ruled on an issue, we will not address it. *CDP Event Svcs., Inc. v. Atcheson*, 289 Ga. App. 183, 187 (2) (656 SE2d 537) (2008). Consequently, nothing in this opinion should be read to preclude Barnes's claims against DLN.

bartender unsuccessfully tried to take Knight's keys, offered to call him a cab, and offered to drive him home. She locked the front door to attempt to keep Knight from leaving, but saw another patron let Knight out after he became increasingly belligerent. Knight told the bartender that he was going to nap in his car and she believed him, but then she heard his car drive away. Even though she knew Knight should not be driving, the bartender did not call the police before or after Knight left the Tavern because she knew him personally and did not want him to get in trouble with the law.

After leaving the tavern, Knight's vehicle struck Barnes's vehicle on I-20. Barnes's vehicle overturned, and she was seriously injured. Barnes subsequently filed suit against DLN and Smith, alleging that Smith negligently trained and supervised the Tavern's employees. Smith moved for summary judgment on the ground that no evidence supported piercing the corporate veil and allowing Barnes to sue him personally. Barnes responded that her claims for negligent training and supervision provided grounds to impose personal liability on Smith separate and apart from

3

piercing the corporate veil. The trial court granted summary judgment to Smith, and this appeal ensued.[2]

1. Barnes argues that the corporate veil does not shield Smith from personal liability for negligently training employees of the Tavern. We disagree.

Although this Court has recognized that generally an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor, we have also held that this rule is inapplicable to claims against corporate officers involving negligent training of corporate employees because a corporate officer's failure to properly train an employee does not constitute sufficiently direct participation in a tort leading to a plaintiff's injuries. *Beasley v. A Better Gas Co.*, 269 Ga. App. 426, 429 (2) (604 SE2d 202) (2004); see also *Dempsey v. Southeastern Indus. Contracting Co.*, 309 Ga. App. 140, 144 (3) (709 SE2d 320) (2011) ("mere fact that an injury occurred during a period when [a corporate officer] was responsible for employee training and dispatch is not sufficient to support an inference that the injury was caused by some actionable negligence on [the corporate officer's] part.")

---

[2] Barnes does not argue on appeal that the trial court should have permitted her to pierce the corporate veil to impose individual liability on Smith. Barnes has not argued this position on appeal, and therefore we will not consider it. *Headrick v. Stonepark of Dunwoody Unit Owners Assn., Inc.*, 331 Ga. App. 772, 780 (6) (771 SE2d 382) (2015); Court of Appeals Rule 25 (c) (2).

(citation and footnote omitted). In this case, Barnes sought to do precisely this. Consequently, the trial court properly granted summary judgment to Smith on Barnes's negligent training claim.

2. Barnes also contends that summary judgment to Smith was improper on her negligent supervision claim. We disagree.

"For an employer to be held liable for negligent supervision, there must be sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff." (Citation and punctuation omitted.) *Novare Group, Inc. v. Sarif*, 290 Ga. 186, 190-191 (4) (718 SE2d 304) (2011); see also *Poole v. N. Georgia Conference of Methodist Church, Inc.*, 273 Ga. App. 536, 540 (615 SE2d 604) (2005) (summary judgment appropriate when no evidence that defendant was aware of employee's improper behavior).

Here, the evidence showed that the bartender who served Knight alcohol the night of the accident was the supervisor of the shift. Barnes has not pointed us to any evidence, however, and we have found none, which demonstrates that Smith knew or should have known that the bartender required additional supervision based on her history of serving alcohol to patrons. Barnes had an obligation to respond to Smith's

5

motion for summary judgment by pointing to specific evidence giving rise to a triable issue on her negligent supervision claim. See *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010). Barnes failed to come forward with such required evidence. Accordingly, Smith was entitled to summary judgment on Barnes's negligent supervision claim.

3. With regard to Barnes's punitive damages claim against Smith, the claim "will not lie in the absence of a finding of compensatory damages on an underlying claim." (Citation omitted). *D.G. Jenkins Homes, Inc. v. Wood*, 261 Ga. App. 322, 325 (3) (582 SE2d 478) (2003). Accordingly, the trial court properly granted summary judgment to Smith on this claim.

*Judgment affirmed. McMillian, J., concurs. McFadden, J., concurs specially in Division 1 and fully in Divisions 2 and 3.*

A16A1165. BARNES v. SMITH.

MCFADDEN, Judge, concurring specially.

I agree that the trial court's ruling is due to be affirmed, and I concur fully in Divisions 2 and 3 of the majority opinion. But I cannot concur fully in Division 1 because it would adopt dicta from *Beasley v. A Better Gas Co.*, 269 Ga. App. 426 (604 SE2d 202) (2004) and so create an unwarranted exception to the general rule regarding the personal tort liability of corporate officers.

In *Beasley*, the plaintiff sued a defendant company for wrongful death arising from the negligent installation of a gas line. The plaintiff also sought to hold a corporate officer personally liable for negligent training of the employees who installed the gas line. Id. at 429 (2). The trial court granted summary judgment to the

officer on that negligent training claim, and this court affirmed. Id. In doing so, we quoted the general rule that

> an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor, and an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or co-operated therein. Where the evidence is insufficient to pierce the corporate veil[,] the liability of the corporate officers for a tort committed by the corporation is dependent upon separate evidence of direct participation in the tort.

Id. (citations and punctuation omitted). We went on to hold that "[i]n this case, [the officer's] alleged failure to provide proper training to [the employees] is not a sufficiently direct participation in a tort leading to [the alleged] injuries to expose [the officer] to personal liability under Georgia law. Accordingly, the trial court's grant of [the officer's] motion for summary judgment must be affirmed." Id. at 430 (2).

So in *Beasley*, we simply applied the general rule that a corporate officer "who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or co-operated therein." Id. But as referenced in Division 1 of the majority opinion, *Beasley* also contained dicta stating that

> [a]lthough an injured party may sustain a claim against a corporation for negligently training an employee, [the plaintiff] identifies no authority,

2

and we have found none, for the proposition that a corporate officer responsible for training procedures may be held liable for an injury to a third party arising out of an alleged failure by the officer to properly train a corporate employee.

Id. (citations and emphasis omitted). This dicta was not the ultimate basis for the holding in *Beasley*. *Beasley* does not grant corporate officers who directly participate in negligent training of employees immunity from the liability to which other defendants would be subject if they engaged in similar conduct. Rather, as noted above, the actual holding in *Beasley* was premised on application of the general rule quoted above and on this court's conclusion that the officer in that case had not directly participated in a tort. Likewise, in the instant case, the trial court correctly granted summary judgment to sole shareholder Smith on the negligent training claim brought against him because there is no showing that he directly participated in a tort.