McFADDEN, Judge,
concurring specially
I agree that the trial court’s ruling is due to be affirmed, and I concur fully in Divisions 2 and 3 of the majority opinion. But I cannot concur fully in Division 1 because it would adopt dicta from Beasley v. A Better Gas Co., 269 Ga. App. 426 (604 SE2d 202) (2004) and so create an unwarranted exception to the general rule regarding the personal tort liability of corporate officers.
In Beasley, the plaintiff sued a defendant company for wrongful death arising from the negligent installation of a gas line. The plaintiff also sought to hold a corporate officer personally liable for negligent training of the employees who installed the gas line. Id. at 429 (2). The trial court granted summary judgment to the officer on that negligent training claim, and this court affirmed. Id. In doing so, we quoted the general rule that
an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor, and an officer of a corporation who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or cooperated therein. Where the evidence is insufficient to pierce the corporate veil[,] the liability of the corporate officers for a tort committed by the corporation is dependent upon separate evidence of direct participation in the tort.
*611 Decided November 18, 2016.
The Lindsey Firm, Stephanie R. Lindsey, for appellant.
Ben F. Windham, for appellee.
Id. (citations and punctuation omitted). We went on to hold that
[i]n this case, [the officer’s] alleged failure to provide proper training to [the employees] is not a sufficiently direct participation in a tort leading to [the alleged] injuries to expose [the officer] to personal liability under Georgia law. Accordingly, the trial court’s grant of [the officer’s] motion for summary judgment must be affirmed.
Id. at 430 (2).
So in Beasley, we simply applied the general rule that a corporate officer “who takes no part in the commission of a tort committed by the corporation is not personally liable unless he specifically directed the particular act to be done or participated or cooperated therein.” Id. at 429 (2). But as referenced in Division 1 of the majority opinion, Beasley also contained dicta stating that
[although an injured party may sustain a claim against a corporation for negligently training an employee, [the plaintiff] identifies no authority, and we have found none, for the proposition that a corporate officer responsible for training procedures may be held liable for an injury to a third party arising out of an alleged failure by the officer to properly train a corporate employee.
Id. at 430 (2) (citations and emphasis omitted). This dicta was not the ultimate basis for the holding in Beasley. Beasley does not grant corporate officers who directly participate in negligent training of employees immunity from the liability to which other defendants would be subject if they engaged in similar conduct. Rather, as noted above, the actual holding in Beasley was premised on application of the general rule quoted above and on this court’s conclusion that the officer in that case had not directly participated in a tort. Likewise, in the instant case, the trial court correctly granted summary judgment to sole shareholder Smith on the negligent training claim brought against him because there is no showing that he directly participated in a tort.